**Richard FORGUES,**
**Defendant–Appellant,**

v.

**UNITED STATES of America,**
**Plaintiff–Appellee.**

No. 80–5036.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 8, 1980.

Decided Dec. 5, 1980.

Richard Damiani, Cleveland, Ohio, for defendant–appellant.

James R. Williams, U. S. Atty., Diane Rubin Williams, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff–appellee.

Before WEICK and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This appeal presents the issue of whether the ex parte order of the district court extending appellant's period of probation without prior notice to him violated his due process rights. We hold that the extension without prior notice was not a constitutional violation, and, therefore, affirm the district court's denial of appellant's motion to vacate sentence under 28 U.S.C. § 2255.

In 1976 the United States District Court for the Western District of Wisconsin sentenced appellant Richard Forgues to 18 months probation after he entered a plea of guilty to a forgery charge. Forgues' probation was to expire on August 9, 1977.

During his probation Forgues moved to the Northern District of Ohio, and his probation supervision was transferred there. An Ohio probation officer on July 29, 1977, requested that the Wisconsin probation office obtain an extension of one year of Forgues' probation. The request for extension was made pursuant to 18 U.S.C. § 3651. Forgues never received a copy of this request. On August 1, 1977, the District Court for the Western District of Wisconsin granted the requested extension of Forgues' probation for one year to August 9, 1978. The ex parte order was entered on the basis of the petition for extension and the request of July 29, without an evidentiary hearing.

An order of the Wisconsin court, dated August 2, 1977, transferred jurisdiction back to the Northern District of Ohio. Forgues was sent a certified letter August 5, 1977, advising him of the one year extension. Forgues made no protest and did not request a hearing, although he could have sought to vacate the order. He continued to report to his probation officer for the next eight months.

While still on probation, on April 14, 1978, Forgues entered a plea of guilty to a charge of voluntary manslaughter in an Ohio state court. For that charge he was sentenced to four to 25 years imprisonment; however, the Ohio state court ordered that if Forgues' probation be revoked, the state sentence was to run concurrently with the federal sentence. On April 17, 1978, a petition was filed in the District Court for the Northern District of Ohio to issue a probation violation warrant on the basis of the guilty plea on April 14. After a hearing on April 26 at which Forgues was present and represented by counsel, his probation was set aside and he was sentenced to five years. At no time before or during this hearing did Forgues challenge the previous

extension of probation. Forgues is now confined in the United States Penitentiary at Terra Haute, Indiana.

On December 6, 1978, more than a year after the ex parte order extending probation, appellant filed a motion in the District Court for the Northern District of Ohio seeking to vacate his sentence under 28 U.S.C. § 2255. The District Court adopted the recommendation of the Magistrate that the motion be denied because the ex parte extension was not a denial of Forgues' due process rights.

The three circuits deciding this issue have found no constitutional violation in the ex parte extension of probation. *United States v. Cornwell,* 625 F.2d 686 (5th Cir. 1980); *United States v. Carey,* 565 F.2d 545 (8th Cir. 1977); *Skipworth v. United States,* 508 F.2d 598 (3rd Cir. 1975). We agree with these circuits and hold that the appellant in the present case, who has not shown any actual prejudice from the ex parte extension, was not entitled to prior notice and a hearing as a constitutional imperative.

Appellant argues that the rationale of *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), requiring that a probationer be given notice and provided a hearing prior to revocation of his probation, also applies to the extension of probation. Probation, however, is a non-custodial supervisory period far less onerous to the probationer than the incarceration which results from the revocation of probation involved in *Gagnon.* This identical argument was recently rejected by the Fifth Circuit, citing *Carey, supra,* as follows:

> We agree with the Third and Eighth Circuits that extension of "a non-custodial period of supervision to a term within the statutory limits [does not] implicate a liberty interest sufficient to require a preextension hearing as a constitutionally commanded right." *Id.* The nature of the interest and the loss resulting from extension simply do not parallel the fundamental nature of the interest or the seriousness of the loss involved in *Morrissey* and *Gagnon.* 625 F.2d at 688.

Appellant did not request a hearing upon being notified immediately after the extension, did not challenge the extension at his probation revocation hearing, and did not demonstrate any prejudice from the extension without prior notice. The liberty interest implicated here was insufficient "to require a preextension hearing as a constitutionally commanded right." *Id.*

Nevertheless, because of the "great potential for prejudice in *ex parte* extensions of probation," *Cornwell, supra,* at 688, *Skipworth, supra,* at 602, we exercise this court's supervisory powers to require that the district courts in this Circuit hereafter notify probationers of proposed extensions, and advise probationers that they have a right to a hearing before the court acts. This procedure will avoid any potential for prejudice since the probationer may be able to show that he has not actually violated the terms of his probation, or that mitigating circumstances affect the need for extension. *Cornwell, supra,* 625 F.2d at 688–89; *Skipworth, supra,* 508 F.2d at 602–03.

The judgment of the district court is affirmed.