### Ex parte Patricia Ann HARRINGTON.

### No. 2–94–067–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1994.

Rehearing Denied Oct. 4, 1994.

Roy L. Merrill, Jr., Dallas, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall, Charles M. Mallin, Assistants Chief Appellate Sec., and David K. Hudson, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before FARRIS, HICKS, and FARRAR, JJ.

## OPINION

HICKS, Justice.

Patricia Ann Harrington appeals from the trial court's denial of her Writ of Habeas Corpus. In a single point of error, Harrington raises three grounds for complaining that the trial court erred in extending her deferred adjudication probation without the State first filing a motion to revoke, and without the benefit of written notice and a formal hearing.[1] We affirm.

On August 20, 1990, Harrington pled guilty to a felony theft charge. Finding that the evidence supported the plea, the trial court deferred adjudication of the case and placed Harrington on probation for three years. At that time the court, among other conditions of probation, ordered Harrington to report monthly to a probation officer and to complete 400 hours of community service. On April 14, 1992, the trial court modified the conditions of probation by ordering Harring-

---

1. Harrington makes a fourth complaint that the extension of deferred adjudication probation for one year is an unreasonable term and condition of probation where there has been no prior adjudication of guilt. We decline to address this contention and express no opinion as to its merit since Harrington raises this claim for the first time on appeal. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

ton to participate in drug testing and counseling.

On July 9, 1993, the probation office requested the District Attorney's Office to prepare a motion to proceed to adjudication in Harrington's case. Although no such motion was filed, Harrington appeared in court on July 28, 1993, to respond to alleged violations of the conditions of her probation.[2] Harrington was accused of having a "rotten attitude" for which reason supervision by the Dallas County Adult Probation Office was being withdrawn.[3] The allegations also included that Harrington failed to complete her community service requirements. After being told that her probation would be extended for one year, Harrington waived the right to have her attorney present, and Harrington's probation was extended in lieu of having the motion to adjudicate filed and Harrington arrested. The original term of probation would have expired on August 19, 1993.

On September 1, 1993, the conditions of Harrington's probation were further amended. In addition to several other modifications, Harrington was ordered to participate in the State Boot Camp program for 180 days. It is in response to this amendment that Harrington filed her Writ on September 3, 1993, attacking the court's extension of her probation at the July 28th hearing. That same day, the State filed its motion to proceed to adjudication, which was dated July 29, 1993. Harrington was immediately transferred into the Tarrant County Sheriff's custody. A hearing on the Writ was held on September 30, 1993, and relief was denied. Thereafter, the trial court, acting on the motion to proceed to adjudication and on a plea of "True," assessed Harrington's punishment at five years in the Institutional Division of the Texas Department of Criminal Justice. However, the trial court probated Harrington's sentence and ordered the conditions of probation to remain consistent with the former conditions. Harrington is on "regular" probation while awaiting the outcome of her appeal.

■ Harrington's main complaint is that the trial court lacked jurisdiction to extend her probation by one year at the July 28th hearing because no motion to revoke probation had been filed prior to the extension. Harrington relies on article 42.12,[4] sections 24 and 25 of the Code of Criminal Procedure. She contends that these provisions require the filing of such a motion prior to the end of the original probationary term before the court has the jurisdiction to impose a "sanction" such as extension. Harrington argues that by failing to follow the proper procedure, the trial court's extension was invalid.

The deferred adjudication probation which the trial court first ordered is authorized by section 5 of article 42.12. Section 5 reads in pertinent part:

> Sec. 5. (a) Except as provided by Subsection (d) of this section, when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.... In a felony case, the period of probation may not exceed 10 years.... The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation....
>
> (b) On violation of a condition of probation imposed under Subsection (a) of this

---

**2.** The record is not altogether clear about how Harrington knew to appear on July 28th since no motion to proceed had been filed. However, it appears that a member of the Tarrant County Probation Department asked her to appear before the court on that date.

**3.** Most of Harrington's probation was supervised by the Dallas County Adult Probation Department as a courtesy to Tarrant County. Harrington was to report in person in Dallas and by mail to the Tarrant County office.

**4.** Effective September 1, 1993, article 42.12 of the Texas Code of Criminal Procedure was amended. See Tex.Code Crim.Proc.Ann. art. 42.12 (Vernon Supp.1994). However, the action about which Harrington complains was taken before the effective date of the new statute. Consequently, all references in this opinion are to the statute as it existed prior to the 1993 amendment.

section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. . . .

*(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall dismiss the proceedings against the defendant and discharge him.*[5]

Sections 24 and 25 of article 42.12 set out the procedures and sanctions the court may employ when a probationer violates one or more of the conditions of his probation. These sections read in pertinent part:

Sec. 24. (a) . . . At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant with or without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, extend, modify, or revoke the probation. . . . In a felony case, the state may amend the motion to revoke probation any time up to seven days before the date of the revocation

hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing. The court may continue the hearing for good cause shown by either the defendant or the state.[6]

. . . .

Sec. 25. (a) If after a hearing under Section 24 of this article a court continues or modifies a felony probation after determining that the probationer violated a condition of probation, the court may impose one or more of the following sanctions on the probationer:

. . . .

(2) an increase in the period of probation, in the manner described by Subsection (b) of this section;

. . . .

(b) A court may impose a sanction on a probationer described by Subsection (a)(2) of this section by extending the period of probation for a period not to exceed one year. The total period of probation, including any extensions under this subsection, may not exceed 10 years.[7]

■ Section 24, without directly saying so, requires the filing of a motion to revoke probation before the end of the probationary period to preserve the court's jurisdiction beyond that period in the case where a revocation hearing cannot be held until after the probationary period has expired. *Prior v. State,* 795 S.W.2d 179, 184 (Tex.Crim.App. 1990); *Guillot v. State,* 543 S.W.2d 650, 652 (Tex.Crim.App.1976). Relying on *Prior* and *Guillot,* Harrington equates an extension of probation with a revocation of probation and

---

5. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, *as amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3501 (current version at Tex.Code Crim.Proc.Ann. art. 42.12, § 5 (Vernon Supp.1994)) (emphasis added).

6. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, *as amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3516 (current version at Tex.Code Crim.Proc.Ann. art. 42.12, § 21 (Vernon Supp.1994)).

7. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, *as amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3517, *and* Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, § 12, 1990 Tex.Gen.Laws 108, 111, *and* Act of May 18, 1991, 72nd Leg., R.S., ch. 344, § 1, 1991 Tex.Gen.Laws 1391 (current version at Tex.Code Crim.Proc. Ann. art. 42.12, § 22 (Vernon Supp.1994)).

argues that the filing of a motion to revoke is essential to the trial court's jurisdictional authority to extend probation. We believe Harrington's reliance is misplaced.

Section 10 of article 42.12 addresses the question of jurisdiction in a probation case. It states:

> Sec. 10. (a) Only the court in which the defendant was tried may grant probation, impose conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent. Except as provided by Subsection (d) of this section, only the court may alter conditions of probation.[8]

Nowhere in this jurisdictional provision does the statute make a motion to revoke a jurisdictional prerequisite to the court's extension of probation as long as that action is taken prior to the expiration of the probationary period.

The extension of probation in this case was ordered while the trial court retained the jurisdictional authority to grant probation, impose and alter conditions, revoke the probation, or discharge the defendant. While section 24 appears to presume the filing of a motion to revoke prior to a revocation of probation, no similar presumption is made regarding an extension. In the absence of either an express or implied statutory requirement that a motion be filed before the trial court may extend probation, we cannot say the extension violated article 42.12.

■ Furthermore, we do not agree that the statute's use of the word "sanctions" in section 25 restricts the trial court's authority to impose the listed penalties to the case where the procedures in section 24 have been followed. Some of these same "sanctions" are referred to as "conditions" in section 11 of article 42.12, which may be altered or modified by the court at any time during the period of probation.[9] *See Sanchez v. State,* 603 S.W.2d 869, 870 (Tex.Crim.App. [Panel Op.] 1980). Moreover, we believe the general authority of the trial court to set reasonable terms and conditions of deferred adjudication probation, found in section 5, allows the extension of probation under the facts of this case without the filing of a motion to revoke. *See Moore v. State,* 799 S.W.2d 456, 458 (Tex.App.—Corpus Christi 1990, pet. ref'd) (section 8 did not create new powers to extend probation; it merely limited a preexistent authority by restricting extension to one year); *Hill v. State,* 673 S.W.2d 890, 891 (Tex.App.—Tyler 1983, pet. dism'd) (trial court had authority to extend probation prior to section 8 which merely restricted that authority to extension for one year).[10] Harrington's first contention is overruled.

■ Harrington's second contention is that the extension of probation required written notice and a formal hearing with proof of a violation because an extension involves a liberty interest protected by the due course of law provision of the Texas Constitution. TEX. CONST. art. I, § 19. Harrington's third contention is that the procedure used by the trial court to extend her probation likewise violated the due process of law guarantee of the United States Constitution. U.S. CONST. amend. 14.

■ Harrington relies on case law which establishes that the doctrines of fundamental fairness apply to probation and parole revo-

---

8. Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, *as amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3504 (current version at Tex.Code Crim.Proc.Ann. art. 42.12, § 10 (Vernon Supp.1994)).

9. For instance, the section 25(a) sanctions in subsections (1) concerning participation in a community service program, (3) concerning an increase in the probationer's fine, and (7) concerning placement in a community corrections facility, correspond to the conditions a court may impose under section 11(a) subsections (10), (8), and (12), respectively. Act of May 27, 1965, 59th

Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, *as amended by* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex.Gen.Laws 3471, 3504–05, *and* Act of May 25, 1991, 72nd Leg., R.S., ch. 572, § 2 1991 Tex.Gen.Laws 2029, 2030–31 (current version at Tex.Code Crim. Proc. Ann. art. 42.12, § 11 (Vernon Supp.1994)).

10. Although motions to revoke were filed in *Moore* and *Hill,* we do not believe this fact detracts from the idea that the general power to extend probation exists outside the procedural guidelines then found in section 8, and codified in section 24 at the time of Harrington's hearing.

cation hearings because they involve the loss of a significant personal liberty interest. In these situations, due process requires, among other protections, written notice of the claimed violations and a hearing on the matter. *Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 498–99 (1972); *Ex Parte Martinez,* 742 S.W.2d 289, 290–91 (Tex.Crim.App.1987).

The nature of the liberty interest involved in the extension of probation is different, however. "Whether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.'" *Morrissey,* 408 U.S. at 481, 92 S.Ct. at 2600, 33 L.Ed.2d at 494. Probation revocation results in incarceration and proceeding to adjudication results in a conviction with the present possibility of incarceration. Extension of probation, however, results only in the future possibility of incarceration. Four federal circuits have found that this difference is significant enough to distinguish probation extensions from probation revocations. *United States v. Cornwell,* 625 F.2d 686, 688 (5th Cir.1980); *Forgues v. United States,* 636 F.2d 1125, 1127 (6th Cir. 1980); *United States v. Carey,* 565 F.2d 545, 547 (8th Cir.1977); *Skipworth v. United States,* 508 F.2d 598, 601 (3rd Cir.1975). In *Skipworth,* the court summed up its reasoning as follows:

> After careful consideration of the principles set forth in *Morrissey* and *Gagnon* and their applicability to this case, we do not believe that due process required notice and a hearing prior to the extension of the petitioner's probation. While we acknowledge that probation entails significant restrictions on an individual, an extension of probation is clearly not as "grievous" a "loss" as revocation, and here it entailed no greater restrictions than those which existed previously. In fact, the primary "loss" suffered by an individual whose probation has been extended lies not in the continuing restrictions them-

selves, but in the possibility of future revocation. While such a loss is indeed serious, it is merely potential at the time of extension, and the due process clause clearly provides the protection of a hearing in the event that revocation proceedings should subsequently occur.

*Skipworth,* 508 F.2d at 601–602.

Relying in part on this reasoning the court in *Carey* concluded:

> We do not think that a mere non-custodial period of supervision to a term within the statutory limits implicates a liberty interest sufficient to require a preextension hearing as a constitutionally commanded right.

*Carey,* 565 F.2d at 547.

While affording a probationer written notice and a formal hearing prior to an extension of probation may be considered the better practice, we agree with the federal case law holding that such procedures are not a constitutionally commanded right. The trial court's extension of Harrington's probation did not inflict any greater restriction of liberty than she currently suffered at that time, and was well within the limits authorized for probation .of felony cases in section 5 of article 42.12.[11] Recognizing that our State Constitution may offer greater protection for its citizens than does the federal constitution, *see Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991), we decline to hold that it does so in this case. Harrington offers no argument stating why such an extension should be made, and we find no case law supporting it. The record in this case shows that when the State did file its motion to proceed to adjudication, Harrington was afforded the protections due process demands. Considering this fact, we overrule Harrington's second and third contentions.

Harrington's sole point of error is overruled. The judgment is affirmed.

---

11. In her "Reply Brief," Harrington argues that the extension could not have been included in the original probation conditions because such an order would exceed the period of probation recommended in her plea agreement with the

State. However, the agreed punishment recommendations Harrington signed clearly stated that the court was not bound by the recommendations made, but that such non-binding recommendations would be considered by the court.