Augustin CALDERON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–00–00130–CR.

Court of Appeals of Texas,
San Antonio.

March 13, 2002.

Steven P. Redgate, Sr., Redgate Legal Services, San Antonio, for Appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

### OPINION ON THE STATE OF TEXAS' MOTION FOR REHEARING EN BANC

PER CURIAM.

In an opinion and judgment dated February 28, 2001, we affirmed the trial court's judgment. The State of Texas filed a motion for rehearing en banc, taking issue with how the panel arrived at its judgment. We grant the motion, withdraw our opinion and judgment of February 28, 2001, and issue this opinion and judgment in its place. The appellant, Augustin Calderon, challenges the revocation of his probation in this appeal. In a single issue, Calderon complains that the trial court lacked jurisdiction to revoke his probation. Because we hold that the trial court had jurisdiction, we affirm.

### Factual and Procedural Background

Pursuant to a plea bargain, Calderon pled guilty to the offense of driving while intoxicated, a third offense. On May 27, 1993, the trial court sentenced Calderon to four years confinement. The trial judge suspended Calderon's sentence and placed him on community supervision for a period of four years. Calderon's term of supervision under the suspended sentence would have ordinarily terminated on May 27, 1997; however, on January 3, 1997, the trial court extended Calderon's probation for one year—until May 27, 1998. Calderon acknowledged the extension by signing a document entitled "Terms and Conditions of Community Supervision" on January 16, 1997.

On May 29, 1997, two days after the original supervisory period was to end, the State filed a motion to revoke Calderon's probation. The State filed a supplemental motion to revoke on December 8, 1999, alleging that Calderon failed to report to his probation officer on various specified occasions. At the hearing on the State's motion to revoke on January 26, 2000, Calderon pled "true" to violating the conditions of his probation by failing to report. The trial judge accepted Calderon's plea, revoked his probation, and reformed the sentence to two years confinement.

### Trial Court's Jurisdiction

On appeal, Calderon complains that the trial court lacked jurisdiction to revoke his probation under Texas Code of Criminal Procedure article 42.12 because the State's motion to revoke was filed after the trial court improperly extended his community supervision. Specifically, Calderon con-

tends that the trial court did not have jurisdiction or authority to extend the original term of his original community supervision because the record does not reflect that a motion to revoke his community supervision was filed by the State, that he was represented by counsel, or that a hearing was conducted prior to the trial court's revocation action. In essence, Calderon argues that by failing to follow the proper procedure, the trial court's order extending his community supervision on January 3, 1997 was void, and that his community supervision expired on May 27, 1997. Because the motion to revoke was filed on May 29, 1997—after the original term expired, Calderon argues that the trial court lacked jurisdiction to revoke his probation on January 26, 2000.

A trial court has only the power granted to it by the Code of Criminal Procedure in dealing with community supervision. Article 42.12 of the Code grants a trial court discretion, "in the best interest of justice," to suspend a sentence and place a defendant on community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (Vernon Supp.2000). The Code authorizes a trial court having jurisdiction over a defendant placed on community supervision to later alter or modify the conditions of community supervision "at any time, during the period of community supervision." *Id.* § 11(a); *Ex Parte Fulce*, 993 S.W.2d 660, 661 (Tex.Crim.App.1999).

Calderon relies on Section 22 of Article 42.12 for the proposition that a hearing is required before the court may extend a period of community supervision. Section 22 states, "*If after a hearing under Section 21 of this article a judge continues or modifies community supervision after de-*

termining that the defendant violated a condition of community supervision, the judge may impose any other conditions the judge determines are appropriate, including ... an increase in the period of community supervision, in the manner described by Subsection (b) of this section...." [1] TEX.CODE CRIM. PROC. ANN. art. 42.12, § 22(a) (emphasis added). Therefore, a hearing is required under Section 22(a) only to the extent such a hearing is required under Section 21.

Section 21, entitled "Violation of Community Supervision: Detention and Hearing," provides as follows:

*At any time during the period of community supervision the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested.* Any supervision officer, police officer or other officer with power of arrest may arrest such defendant with or without a warrant upon the order of the judge to be noted on the docket of the court. A defendant so arrested may be detained in the county jail or other appropriate place of confinement until he can be taken before the judge. Such officer shall forthwith report such arrest and detention to such judge. *If the defendant has not been released on bail, on motion by the defendant the judge shall cause the defendant to be brought before the judge for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, extend, modify, or revoke the community supervision. A judge may revoke the community supervision of a defendant who is imprisoned in a penal institution without a hearing if the de-*

---

1. Subsection (b) states: "If the judge imposes a sanction under Subsection (a)(4) of this section, the judge shall also impose a condition requiring the defendant on successful

completion of the program to participate in a drug or alcohol abuse continuum of care program." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 22(b).

*fendant in writing before a court of record in the jurisdiction where imprisoned waives his right to a hearing and to counsel, affirms that he has nothing to say as to why sentence should not be pronounced against him, and requests the judge to revoke community supervision and to pronounce sentence.* In a felony case, the state may amend the motion to revoke community supervision any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing. The judge may continue the hearing for good cause shown by either the defendant or the state.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (emphasis added).

■ Section 21(b) clearly requires a hearing before the trial court may continue, extend, modify, or revoke community supervision if a defendant is held in confinement; and the Court of Criminal Appeals has held that a defendant has a constitutional right to a revocation hearing under Section 21(b). *Ex Parte Bates*, 978 S.W.2d 575, 578 (Tex.Crim.App.1998). However, Section 21(b) does not expressly require a hearing when a defendant is not held in confinement. Section 21(b) is silent on this issue, and we construe the Legislature's silence as not requiring a hearing before the trial court may extend community supervision for a defendant who is not held in confinement based on an alleged probation violation.

Nor is a hearing required under Section 22(c), which grants discretion to a trial court to

*extend a period of community supervision under this section as often as the judge determines is necessary,* but the period of community supervision in a first, second, or third degree felony case may not exceed 10 years and, except as otherwise provided by this subsection, the period of community supervision in a misdemeanor case may not exceed three years. *A court may extend a period of community supervision under this section at any time during the period of supervision or, if a motion for revocation of community supervision is filed before the period of supervision ends, before the first anniversary of the date on which the period of supervision expires.*

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 22(c) (emphasis added).[2]

■ We interpret Section 22(c) as authorizing a judge to extend a period of community supervision "as often as the judge determines is necessary," and such action may be taken with or without a motion for revocation or a hearing. *See Warmoth v. State*, 946 S.W.2d 526, 527 (Tex.App.-Fort Worth 1997, no pet.) (holding that a judge may, either with or without a hearing, extend the period of supervision under Section 22(c)); *see also Ex parte Harrington*, 883 S.W.2d 396, 400 (Tex.App.-Fort Worth 1994, pet. ref'd) ("While affording a probationer written notice and a formal hearing prior to an extension of probation may be considered the better practice, we agree with the federal

**2.** We quote this section as it existed at the time of Calderon's offense. In 1993, this section, originally numbered 25(b), was amended and renumbered 22(c). The amending legislation provided that the changes applied only to offenses committed on or after the effective

date of the amendment. 73rd Leg., Ch. 900, § 4.02, effective September 1, 1993. The language pertinent to this appeal was not changed; therefore, in this opinion, we refer to the amended and renumbered Section 22(c).

case law holding that such procedures are not a constitutionally commanded right.").[3]

■ We agree with the federal courts cited in *Harrington* that there is a "great potential for abuse" in circumstances such as this; however, we presume trial judges exercise their discretion within the parameters of the law as written. The purpose of Article 42.12 is to "place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of community supervision, and the supervision of defendants placed on community supervision, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. It is the purpose of this article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of community supervision in the public interest." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 1. Unfortunately, over the years, various amendments to Article 42.12 have resulted in a bewildering patchwork quilt of procedures governing community supervision. Because the language of Article 42.12 at times defeats its stated purpose, we are loath to hold that a trial court abused its discretion when acting—

or attempting to act—properly within the confines of the article. Until the Legislature makes it clear, or the Court of Criminal Appeals provides clear guidance, that a hearing to extend the term of community supervision is required under Article 42.12 when a defendant is not held in confinement, we will not read such a requirement into that article.[4] Therefore, we affirm the trial court's judgment.

ALMA L. LÓPEZ, Justice, dissents, joined by PHIL HARDBERGER, Chief Justice.

ALMA L. LÓPEZ, Justice, dissenting.

The majority has gone to great length to save the order revoking Calderon's community supervision. But interpreting section 22 of the Code of Criminal Procedure to mean that only probationers who are confined have a right to a hearing simply makes no sense. Under this interpretation, a probationer who is confined has more rights than a probationer who is not confined!

The right to due process embodies a premise that has never been questioned in our constitutional system, that "a person cannot incur the loss of liberty for an offense without notice and a meaningful

---

3. The *Harrington* court relied on federal cases in which a defendant complained that his due process rights were violated because he was not given notice and an opportunity to be heard before his probationary term was extended. *See United States v. Cornwell*, 625 F.2d 686 (5th Cir.1980); *Forgues v. United States*, 636 F.2d 1125 (6th Cir.1980); *United States v. Carey*, 565 F.2d 545 (8th Cir.1977); *Skipworth v. United States*, 508 F.2d 598 (3rd Cir.1975). In each case, the circuit court held there was no constitutional violation in an ex parte extension of probation. *Cornwell*, 625 F.2d at 688; *Forgues*, 636 F.2d at 1127; *Carey*, 565 F.2d at 547; *Skipworth*, 508 F.2d at 602. However, the *Cornwell*, *Forgues*, and *Skipworth* courts recognized "the great potential for prejudice," and, exercising their su-

pervisory powers, ordered districts courts in the future to provide the defendant with notice and an opportunity to be heard before the court acted on the proposed extension. *Cornwell*, 625 F.2d at 689; *Forgues*, 636 F.2d at 1127; *Skipworth*, 508 F.2d at 602–03. Texas appellate courts do not have supervisory power over trial courts; however, we agree with the *Harrington* court that notice and a hearing is the better practice, and we encourage judges to afford defendants the opportunity to be heard.

4. We assume that, when the Legislature enacted Article 42.12, it was aware that trial courts extend the supervisory period without a hearing as a matter of routine.

opportunity to defend." *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A person cannot defend himself without the opportunity to be heard. While we can argue about what constitutes a loss of liberty, we cannot argue about whether a defendant can be heard without a hearing. Without a hearing, a defendant, in whatever stage of a criminal proceeding he stands, cannot be heard.

Section 22 addresses this fundamental due process concern by authorizing the trial court to extend a defendant's term of community supervision only after a hearing and "after determining that the defendant violated a condition of community supervision." *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 22(a)(2) (Vernon Supp. 2000). By doing so, section 22 protects a defendant who has complied with the conditions of his community supervision by preventing the trial judge from acting arbitrarily by extending the term of a defendant's community supervision without finding that the defendant violated a condition of his community supervision. Any other reading of section 22 is inconsistent with any measure of due process and renders section 22's requirement for a finding that the defendant violated a condition of probation meaningless. Although the majority recognizes the potential for abuse in extending a probationer's period of supervision without a hearing or a finding that the probationer violated a condition of community supervision, it addresses the problem, in two footnotes that will never be read, by encouraging trial judges to afford defendants the opportunity to be heard, and assuming that the Legislature was aware that trial courts extend the supervisory period without a hearing as a matter of course.

The record in this case does not reflect that the trial court found that Calderon "violated a condition of community supervision" or that the trial court conducted a hearing. *See id.* art. 42.12, § 22(a)(2). The record simply reflects that on January 3, 1997, the terms and conditions of Calderon's community supervision were extended until May 27, 1998. This action is reflected in the document entitled "Terms and Conditions of Community Supervision." Other than that document, the record is devoid of any reference to the extension of Calderon's original term—the record does not contain even an annotation on the court's docket sheet. Thus, the record suggests that the probation officer, not the State, determined that Calderon's period of community supervision should be extended. Surely, this was not what the legislature intended.

For a trial court to acquire jurisdiction to revoke a defendant's community supervision, the State must file with the trial court, before the expiration of the supervision period, a motion to revoke alleging the defendant violated the terms of the community supervision agreement. *See Brecheisen v. State*, 4 S.W.3d 761, 763 (Tex.Crim.App.1999). Here, the State filed a motion to revoke Calderon's community supervision on May 29, 1997, two days after the original supervision term ended. Because the record in this case does not reflect that a hearing was conducted prior to the extension of Calderon's community supervision, and because the record does not indicate that the trial court determined that Calderon violated a condition of supervision prior to May 27, 1997, when Calderon's original supervision term was to have ended, I would find that the trial court lacked jurisdiction to revoke Calderon's community supervision on January 26, 2000. As a result, I would determine the judgment revoking Calderon's community supervision is void. *See Ex parte Lewis*, 934 S.W.2d 801, 803 (Tex. App.-Houston [1st Dist.] 1996, no pet.). I

would vacate the order and dismiss the cause.