ACCEPTED
13-14-00522-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/4/2015 1:36:35 PM
DORIAN RAMIREZ
CLERK

**No. 13-14-522-CR**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/4/2015 1:36:35 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

---

# MAGDALENA ORTIZ,
## APPELLANT,

### v.

# THE STATE OF TEXAS,
## APPELLEE.

---

ON APPEAL FROM THE 94TH DISTRICT COURT
NUECES COUNTY, TEXAS

---

## BRIEF FOR THE STATE

---

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

Attorney for Appellee

**ORAL ARGUMENT IS REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................. ii

STATEMENT OF FACTS ................................................................................1

SUMMARY OF THE ARGUMENT ...............................................................2

ARGUMENT ....................................................................................................3

**Reply Point No. 1**
**The trial court properly extended the period of community supervision**
**at a review hearing without the presence of counsel.** ...................................3

**Reply Point No. 2**
**Ortiz waived error by failing to complain that she was denied the**
**opportunity to present evidence or argument on punishment.** ..................6

**Reply Point No. 3**
**Ortiz has failed to prove that her trial attorney was deficient for failing**
**to address the court on sentencing.** ...........................................................7

PRAYER ...........................................................................................................9

RULE 9.4 (i) CERTIFICATION .....................................................................9

CERTIFICATE OF SERVICE ...................................................................... 10

# INDEX OF AUTHORITIES

## Cases

*Calderon v. State*, 75 S.W.3d 555 (Tex. App.—San Antonio 2002, pet. ref'd). ................................................................................................4

*United States v. Carey*, 565 F.2d 545 (8th Cir. 1977). ...................................4

*Cooks v. State*, 240 S.W.3d 906 (Tex. Crim. App. 2007). ..............................3

*United States v. Cornwell*, 625 F.2d 686 (5th Cir. 1980). ......................... 4, 5

*Euler v. State,* 218 S.W.3d 88 (Tex. Crim. App. 2007). ..................................6

*Forgues v. United States,* 636 F.2d 1125 (6th Cir.1980). ...............................4

*Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756 (1973). ........................ 3, 4

*Garza v. State*, 213 S.W.3d 338 (Tex. Crim. App. 2007). ..............................8

*Ex parte Harrington*, 883 S.W.2d 396 (Tex. App.—Fort Worth 1994, pet. ref'd). ...................................................................................................... 4, 5

*King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983)....................................8

*Lovill v. State*, 319 S.W.3d 687 (Tex. Crim. App. 2009). ...............................6

*Mempa v. Rhay*, 389 U.S. 128, 88 S. Ct. 254 (1967). ....................................3

*Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012). ........................8

*Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593 (1972)..............................3

*Pearson v. State*, 994 S.W.2d 176 (Tex. Crim. App. 1999). ...........................7

*Sanchez v. State*, 603 S.W.2d 869 (Tex. Crim. App. 1980). ...........................4

*Skipworth v. United States*, 508 F.2d 598 (3d Cir. 1975).......................... 4, 5

*United States v. Silver,* 83 F.3d 289 (9th Cir.1996)..................................... 4, 5

*State v. Smith*, 769 A.2d 698 (Conn. 2001). .......................................................4

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). .............. 7, 8

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999)............................8

*Vidaurri v. State*, 49 S.W.3d 880 (Tex. Crim. App. 2001)......................... 6, 7

*Ex parte White*, 160 S.W.3d 46 (Tex. Crim. App. 2004). ..............................8

## Statutes & Rules

TEX. R. APP. P. 33.1. ...................................................................................6

NO. 13-14-522-CR

| | | |
|---|---|---|
| MAGDALENA ORTIZ, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF FACTS

Magdalena Ortiz was indicted for the Third-Degree Felony offense of Possessing a Dangerous Drug in a Correctional Facility. (CR p. 5) *See* Tex. Penal Code § 38.11.

On February 27, 2012, Ortiz was placed on deferred-adjudication community supervision for a two-year period. (CR p. 56)

On January 22, 2014, at an unrecorded hearing at which Ortiz and a representative of the Community Supervision and Corrections Department were before the court, the trial court signed an order extending the term of community supervision by twelve months. (Supp. CR p. 4)

On August 21, 2014, pursuant to a motion to revoke, the trial court revoked community supervision, adjudicated Ortiz guilty, and sentenced her to three years in prison. (CR p. 75)

1

At a joint hearing on the motion to revoke in the present case and one in a separate case against Ortiz, after finding the majority of the alleged violations to be true, the trial court heard the State's recommendation to revoke and the defense recommendation for the probationary period to be extended again and for Ortiz to be given the chance to comply with her conditions. (RR pp. 17-19) After going over Ortiz's history of non-compliance, the trial court concluded the proceeding as follows:

> the Court hereby adjudicates Defendant, revokes Defendant's community supervision, … and in Cause No. 11-4008, sentence her to three years TDC.
> If you want to appeal the judgment and sentence of the Court, you must file notice of appeal within 30 days of today's date. Defendant's remanded, counsel's excused.
> (Proceedings adjourned.)

(RR p. 20)

## SUMMARY OF THE ARGUMENT

*First Issue* – Ortiz had no due process right to counsel before her probationary period could be extended by the trial court.

*Second Issue* – Ortiz waived her complaint that the trial court failed to conduct a separate punishment hearing by failing to raise that complaint in the trial court by either objection or motion for new trial.

*Third Issue* – By failing to develop a record concerning the evidence and arguments she might have raised, Ortiz failed to show that her trial attorney was

2

ineffective for failing to assert her right to present evidence and argument on punishment.

## ARGUMENT

### Reply Point No. 1
**The trial court properly extended the period of community supervision at a review hearing without the presence of counsel.**

Appointment of counsel for an indigent defendant is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected. *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254 (1967) (holding that a lawyer must be afforded at a revocation of probation or a deferred sentencing proceeding); *Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007) (citing *Mempa*). Whether such procedural protections are necessary generally "depends on the extent to which an individual would be condemned to suffer grievous loss." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593 (1972).

In *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756 (1973), the Supreme Court held that due process requires that an individual on probation be given notice and the right to hearing prior to his parole being revoked. 411 U.S. at 782. However, with regard to the right to counsel, the Supreme Court clarified that "the decision as to the need for counsel [in a probation or parole revocation proceeding] must be made on a case-by-case basis," and that "the presence and participation of

3

counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings." 411 U.S. at 790.

The Court of Criminal Appeals has generally held that due process does not require a hearing in order for the trial court to modify the terms of probation. *Sanchez v. State*, 603 S.W.2d 869, 870 (Tex. Crim. App. 1980) (terms modified concerning the probation officer to whom probationer reported and an additional requirement that he ingest antabuse). However, neither the Supreme Court nor the Texas Court of Criminal Appeals has directly addressed the right to counsel at a modification or extension of probation proceeding.

The federal circuit courts and Texas intermediate courts of appeals have generally rejected any due process right to a hearing or counsel at modification and extension proceedings. *See United States v. Silver,* 83 F.3d 289, 292 (9th Cir.1996); *United States v. Cornwell*, 625 F.2d 686, 688 (5th Cir. 1980); *Forgues v. United States,* 636 F.2d 1125, 1127 (6th Cir.1980); *United States v. Carey*, 565 F.2d 545, 547 (8th Cir. 1977); *Skipworth v. United States*, 508 F.2d 598, 601-02 (3d Cir. 1975); *Calderon v. State*, 75 S.W.3d 555, 558-59 (Tex. App.—San Antonio 2002, pet. ref'd); *Ex parte Harrington*, 883 S.W.2d 396, 401 (Tex. App.—Fort Worth 1994, pet. ref'd); *see also State v. Smith*, 769 A.2d 698, 704 (Conn. 2001) (due process does not require a court hearing or counsel before the conditions of an individual's probation may be modified or extended).

The Fifth Circuit has adopted the reasoning of the Third Circuit that "the primary loss occasioned by extension of the probationary period is the possibility of future revocation, a loss which is only potential at the time of the extension. Since a probationer is entitled to a hearing prior to revocation, the potential of loss caused by extension was not considered sufficiently 'grievous' to require a hearing." *Cornwell*, 625 F.2d at 688 (citing *Skipworth*, 508 F.2d at 601-02); *see also Silver*, 83 F.3d at 292 (noting also that the judge in an extension proceeding need not make a detailed factual inquiry into whether the probationer committed a violation, but only must determine what is in the best interest of society). Likewise, the Fort Worth Court of Appeals has noted the distinction that "[p]robation revocation results in incarceration and proceeding to adjudication results in a conviction with the present possibility of incarceration. Extension of probation, however, results only in the future possibility of incarceration." *Harrington*, 883 S.W.2d at 401.

In the present case, the State would urge this Court to follow the same reasoning in rejecting Ortiz's claimed due process right to counsel before her probation could be extended.

Ortiz's first issue on appeal should be overruled.

**Reply Point No. 2**
**Ortiz waived error by failing to complain that she was denied the opportunity to present evidence or argument on punishment.**

To preserve a complaint for review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009).

In *Vidaurri v. State*, 49 S.W.3d 880, 885-86 (Tex. Crim. App. 2001), the Court of Criminal Appeals held that the defendant waived any complaint he had on appeal to the lack of a separate punishment hearing following revocation of deferred-adjudication probation, by failing to object to the sentence imposed by the trial court without such a hearing after it found a violation of the conditions of deferred adjudication. *Id.* at 885-86; TEX. R. APP. P. 33.1; *see also Euler v. State,* 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) ("If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation."). Such an objection should have been made at the time the trial court denied the defendant an opportunity to present punishment

evidence or, if the defendant had no opportunity to object at that time, at least by motion for new trial. *See Vidaurri*, 49 S.W.3d at 886; *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).

In the present case, Ortiz failed to object to the trial court imposing sentence without a separate punishment hearing after revoking her deferred-adjudication probation, nor did she file a motion for new trial. Accordingly, Ortiz waived error.

Ortiz's second issue on appeal should be overruled.

## Reply Point No. 3
**Ortiz has failed to prove that her trial attorney was deficient for failing to address the court on sentencing.**

A claim that trial counsel was ineffective is generally analyzed under the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). The Court of Criminal Appeals has recently explained this standard as follows:

> For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. An ineffective-assistance claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This statement is true with regard to the deficient performance prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

7

*Menefield v. State*, 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (citations omitted).

Ortiz complains that her trial attorney failed to offer any evidence or argument regarding an appropriate punishment. However, Ortiz was required to show why her attorney failed to offer punishment evidence, and that this did not amount to a legitimate trial strategy, in order to succeed on a claim of ineffective assistance for failure to present such evidence. *See Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007). A claim of ineffective assistance of counsel based on counsel's failure to present evidence or call witnesses requires of a showing that such witnesses were available to testify and that the defendant would have benefitted from their testimony. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)). Ortiz has failed to show that she had any witnesses or punishment evidence to present.

In addition, Ortiz fails to argue that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see also Strickland,* 466 U.S. at 694.

Ortiz's third issue on appeal should be overruled.

## PRAYER

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

Respectfully submitted,

/s/ *Douglas K. Norman*
_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@co.nueces.tx.us

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1,783.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was e-mailed this 4th day of May, 2015, to Appellant's attorney, Mr. Donald B. Edwards.


/s/ *Douglas K. Norman*
_____
Douglas K. Norman