

## NUMBERS
## 13-14-00521-CR
## 13-14-00522-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MAGDALENA ORTIZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

Appellant Magdalena Ortiz was charged with forgery and possession of a
dangerous drug (Carisoprodol) in a correctional facility in two separate indictments.[1] *See*

---

[1] Appellate cause No. 13-14-521-CR (forgery) is the appeal of trial court cause number 09-CR-4521-C. Appellate cause No. 13-14-522-CR (possession of a dangerous drug in a correctional facility) is

TEX. PENAL CODE ANN. §§ 32.21, 38.11 (West, Westlaw through Chapter 46, 2015 R.S.). After finding her guilty on both counts, the court sentenced her to eighteen months in state jail on the forgery charge and three years in state prison on the drug possession charge. In three issues on appeal, Ortiz argues that: (1) she was denied due process because she was not represented by counsel when the trial court extended her community supervision period; (2) she was denied due process because the trial court assessed punishment immediately after adjudicating guilt without giving Ortiz an opportunity to address the court on the appropriate punishment; and (3) her trial counsel was ineffective for failing to make arguments to the court on sentencing.[2] We affirm both judgments.

## I. BACKGROUND

On December 17, 2009, Ortiz was indicted for two counts of forgery. On March 29, 2010, she pled guilty while represented by counsel. The trial court accepted the plea, deferred adjudication, and placed Ortiz on community supervision for three years. On December 1, 2011, Ortiz was indicted for possessing a dangerous drug in the Nueces County Jail, a correctional facility. On February 27, 2012, she pled guilty while represented by counsel. The trial court accepted the plea, deferred adjudication, and placed her on community supervision for two years, with the community supervision to run concurrently with the supervision imposed for the forgery charge. The trial court extended the period of community supervision for both charges by one year at an informal review hearing held on February 13, 2013. Ortiz and a representative of the Community

---

the appeal of trial court cause number 11-CR-4008-CR.

[2] The trial court assessed punishment and revoked supervision for both offenses at the same hearing. Our analysis allows us to consider them in a consolidated opinion.

Supervision and Corrections Department were present at this hearing, but Ortiz was not represented by counsel. Another informal review hearing was held on January 22, 2014, at which time the community supervision was again extended by one year. Ortiz was again not represented by counsel.

On July 3, 2014, the State filed a motion to revoke Ortiz's community supervision and to adjudicate guilt in both causes. The State alleged that Ortiz failed to report to her supervisor officer in March, April, and May of 2014, failed to complete a drug offender program, and failed to complete community service. Ortiz pled true to all of the allegations except failing to report in March and April. The State recommended revocation on both cases and requested sentences of eighteen months in state jail on the forgery and three years in the state prison on the drug possession. Trial counsel for Ortiz recommended extending community supervision. Counsel made no argument regarding the underlying offenses or regarding mitigation of the sentence. After reviewing the record and evidence, the trial court stated it was adjudicating Ortiz guilty in both causes, revoking her community supervision, and assessing punishment as eighteen months in state jail for the forgery cause and three years in state prison for the drug possession cause, with the sentences to run consecutively.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"Appointment of counsel for an indigent defendant is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Cooks v. State,* 240 S.W.3d 906, 910 (Tex. Crim. App. 2007); *see* U.S. CONST. amend. VI. Whether a substantial right is affected "depends on the extent to which an individual would be condemned to suffer grievous loss." *Morrissey v. Brewer,* 408 U.S. 471, 481

3

(1972). Using this analysis, the Supreme Court has held that due process requires an individual be given notice and the right to a hearing before probation is revoked. *See Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973). However, the Supreme Court has not considered whether due process requires the same protection when probation is extended. *United States v. Cornwell*, 625 F.2d 686, 688 (5th Cir. 1980). Several other courts have considered that question and have concluded that the extension of probation does not present a potential for grievous loss sufficient to trigger the due process right to a hearing. *See id.*; *Calderon v. State*, 75 S.W.3d 555, 558 (Tex. App.—San Antonio 2002, pet. ref'd); *Ex parte Harrington*, 883 S.W.2d 396, 401 (Tex. App.—Fort Worth 1994, pet. ref'd). A trial judge may extend probation or community service as often as necessary; this can be done independently by the trial judge, without granting a hearing. *Calderon*, 75 S.W.3d at 558; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(c) (West, Westlaw through Chapter 46, 2015 R.S.).

Generally, a defendant should be given an opportunity to be heard on punishment issues after the trial court adjudicates guilt. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). However, a defendant must be prepared to present such evidence and must timely object if not given the opportunity to set forth evidence on punishment issues. *See Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) ("If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding."). If the defendant fails to object to not being able to provide evidence on punishment, then the error will be considered waived. *See id.*; TEX. R. APP. P. 33.1(a)(1).

4

A claim for ineffective assistance of counsel is analyzed under the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed under this test, the record must demonstrate both that trial counsel's performance was deficient and that the defendant suffered prejudice as a result. *Menefield v. State,* 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012). Trial counsel should normally be afforded an opportunity to explain his or her actions before being proclaimed as deficient, especially if the reasons for failing to take an action do not appear in the record. *Id.* If trial counsel has not been given an opportunity to explain its actions, "then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Id.* Thus, direct appeal is usually an inadequate tool for claims of ineffective assistance because the record has not been developed sufficiently to make such findings. *Id.* A defendant suffers prejudice when there is a "reasonable probability" that the result of the proceeding would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### III. DISCUSSION

Ortiz argues in three issues on appeal that she was denied due process and that her trial counsel was ineffective.

### a. Due Process Claims

In her first issue, Ortiz contends she was denied due process because she was not represented by counsel when her community supervision was extended. Specifically, Ortiz argues that the hearing to extend her probation was a "critical stage" that required

5

her to be appointed counsel. *Green v. State*, 872 S.W.2d 717, 719 (Tex. Crim. App. 1994). However, a hearing merely to extend probation is not afforded the same constitutional protections as a hearing to revoke probation. *See Cornwell*, 625 F.2d at 688. Counsel should usually be appointed for a hearing to revoke probation, but a hearing is not even required to simply extend probation. *See Gagnon*, 411 U.S. at 790; TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(c); *id.* If a trial court can modify or extend probation at any time, without a hearing, a defendant is logically not entitled to an attorney if the trial court does elect to hold such a hearing. *See Cornwell*, 625 F.2d at 688; *see also Calderon*, 75 S.W.3d at 557; *Harrington*, 883 S.W.2d at 401. Ortiz was represented by counsel at the hearing to revoke her probation; thus, she was afforded all the protection that due process requires. *Id.* We overrule Ortiz's first issue.

As to her second issue, Ortiz asserts that she was denied due process because the trial court assessed punishment immediately after adjudicating guilt. She argues that she should have been given an opportunity to present evidence relevant to sentencing before the trial court assessed punishment. *See Oyler v. Boles,* 368 U.S. 448, 452–53 (1962). However, Ortiz failed to make any objections at the time and thus waived any error. *See* TEX. R. APP. P. 33.1(a)(1); *Euler*, 218 S.W.3d at 91. It was Ortiz's burden to make a timely objection to the trial court so that it could address the issue and correct the error. *Euler*, 218 S.W.3d at 91. If she had no reasonable opportunity to object at the hearing itself, she could have filed a motion for new trial to preserve the error. *See Vidaurri v. State*, 49 S.W.3d 880, 885–86 (Tex. Crim. App. 2001). But Ortiz made no objection and no motion for new trial. Thus, we overrule Ortiz's second issue.

*b.* **Ineffective Assistance of Counsel Claim**

Finally, by her third issue Ortiz asserts that her trial counsel was deficient for failing to address the court on sentencing. To succeed on her ineffective assistance of counsel claim, Ortiz was required to demonstrate how or why her attorney failed to offer punishment evidence, and to further show that this did not amount to a legitimate trial strategy. *See Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007). We conclude that Ortiz has failed to do so. The record does not reflect why her trial counsel did not present any punishment evidence, and defense counsel was not given an opportunity to explain the reasoning behind his course of action. Therefore, we cannot judge whether this was a legitimate trial strategy; moreover, we cannot say that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Menefield,* 363 S.W.3d at 592.

Ortiz also failed to show that there is a reasonable probability that but for her counsel's alleged deficiencies, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 668. Ortiz has not demonstrated a reasonable probability that she would have received a different punishment had her defense counsel offered some evidence regarding sentencing. *See Thompson*, 9 S.W.3d at 812. The trial court had ample other evidence on which to base its decision on the punishment; Ortiz's claims do not sufficiently undermine confidence in the outcome below. *Id.* We conclude that the record does not establish that Ortiz's trial counsel was deficient. Therefore, we overrule Ortiz's third issue.

## IV. Conclusion

We affirm the trial court's judgments.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of August, 2015.