

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00270-CR

---

ROY NATHANIEL PEREZ, JR., APPELLANT

V.

THE STATE OF TEXAS

---

On Appeal from the 287th District Court
Bailey County, Texas,
Trial Court No. 2565A, Honorable Gordon H. Green, Presiding

---

May 26, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Pursuant to a plea bargain, Appellant, Roy Nathaniel Perez, Jr., pled guilty to the offense of aggravated assault causing serious bodily injury. In June 2009, Appellant was placed on deferred adjudication community supervision for five years. During the course of nearly a decade, the State filed multiple motions to adjudicate Appellant's guilt and to revoke community supervision. Those motions resulted in extensions of the periods in which Appellant remained under community supervision. On August 26, 2020, the trial court held a hearing where Appellant appeared with counsel and entered pleas of "true"

to two of the violations of the conditions of his community supervision alleged in the State's fourth amended motion to revoke.[1]  Thereafter, the trial court revoked Appellant's community supervision, adjudicated his guilt, and sentenced him to ten years of confinement.

In this appeal, Appellant contends the trial court denied his right to assistance of counsel and abused its discretion by extending his period of community supervision pursuant to an agreed order back in April 2014.  The record reflects that pursuant to a motion to adjudicate guilt and revoke community supervision filed in November 2013, notice was given to Appellant to appear April 9, 2014, unless he had hired an attorney and his attorney appeared in his place.  On April 9, Appellant appeared without an attorney and advised he had reached an agreement with the State to extend the term of his community supervision until June 3, 2015.  The agreement was signed by Appellant.

Analysis

Appellant's argument is that if his appearance without counsel at the hearing in April 2014 violated his constitutional right to the same, the 2014 order extending his community supervision should be "void."  Ergo, according to Appellant, there would have been no conditions of supervision for the trial court to have found Appellant violated in 2020.  Appellant asks that the Court "set aside the conviction and sentence, and discharge Appellant."

There are two problems with Appellant's argument.  First, although Appellant supports his argument with authority indicating his right to be represented at "a probation

---

[1] Appellant pled "true" to using marijuana and failing to participate in a drug treatment program.

2

*revocation* hearing," (*citing Hatten v. State*, 71 S.W.3d 332, 33 n.1 (Tex. Crim. App. 2002) (emphasis added), the April 2014 hearing resulted in an *extension* of Appellant's community supervision. "Although proceedings to *revoke* probation involve a sufficient liberty interest to require the assistance of an attorney and other due process rights, *extensions* of the probation period do not." *Hearn v. State*, No. 06-96-00056-CR, 1997 Tex. App. LEXIS 2778, at *7 (Tex. App.—Texarkana 1997, no pet.) (emphasis added, collected cases cited therein). *See also Ex parte Harrington*, 883 S.W.2d 396, 401 (Tex. App.—Fort Worth 1994, pet. ref'd) (rejecting argument that extensions of probation involve the same liberty interests as probation revocations, as the former does not subject defendant to grievous loss: "Probation revocation results in incarceration and proceeding to adjudication results in a conviction with the present possibility of incarceration. Extension of probation, however, results only in the future possibility of incarceration."). Accordingly, we hold that Appellant's constitutional interests were not violated when he entered into an agreement to extend his community supervision.

Second, we have held that "where an accused collaterally attacks the validity of prior convictions on the basis of a denial of the right to counsel, the accused bears the burden of proving that 'he did not voluntarily, knowingly, and intelligently waive his right to counsel.'" *Morales v. State*, No. 07-10-0351-CR, 2011 Tex. App. LEXIS 9736, at *7 (Tex. App.—Amarillo Dec. 13, 2011, no. pet.). Appellant's collateral attack on the 2014 extension of his community supervision refers to no record evidence, but depends on "the silent record" regarding whether Appellant was represented by counsel. We hold that Appellant presents no evidence to overcome the presumption of regularity in the April

2014 hearing.  *See id*; *Green v. State*, No. 14-08-00831-CR, 2009 Tex. App. LEXIS 9300,

at *23-24 (Tex. App.—Houston [14th Dist.] Dec. 8, 2009 pet. ref'd)

We affirm the trial court's judgment.


Lawrence M. Doss
Justice


Do not publish.

Pirtle, J., dissenting.