**The Honorable Manuel BANALES, Judge 105th District Court of Nueces County, Relator,**

v.

**THE COURT OF APPEALS FOR THE THIRTEENTH JUDICIAL DISTRICT, Respondent.**

**No. 74–307.**

Court of Criminal Appeals of Texas.

May 22, 2002.

---

**26.** *Id.* at 33 n. 2.

**28.** *Id.*

Robert S. Johnson, Asst. Colicitor Gen., Austin, for Appellant.

Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the unanimous opinion of the Court.

The Court of Appeals for the thirteenth judicial district ("respondent"), granted mandamus relief to the real party in interest, John Robert Lee ("Lee"), from an order entered by the relator, Judge Manuel Banales of the 10th District Court of Nueces County ("relator"). *In re Lee*, 2002 WL 335212, slip op. at 8 (Tex.App.-Corpus Christi, No. 13–01–542–CR, delivered February 28, 2002) (not yet reported). Relator brought this mandamus action contesting the respondent's issuance of mandamus relief to Lee. We will conditionally grant mandamus relief to relator.

Lee was indicted for the felony offense of indecency with a child. *Lee*, slip op. at 1–2. In March 2000, after Lee admitted his guilt, relator deferred adjudication of guilt and placed Lee on probation for five years. *Id.* In May 2001, after confirming that Lee "had failed to comply with the reporting requirements of his probation," relator modified the conditions of Lee's probation. *Id.* These modified conditions of probation required Lee to do various things, such as putting a sign in his yard, to notify the public that Lee is a registered sex offender. *Id.* Lee filed a motion requesting that relator eliminate these modified conditions of Lee's probation. *Id.* After a hearing, relator declined to do so. *Id.*

Lee sought mandamus relief from respondent. Respondent decided that Lee had "no adequate remedy at law" and that relator had "no discretion" under Article 42.12, Section 11(a)(23), to modify Lee's probation requiring Lee to notify the public that he is a registered sex offender. *Lee*, slip op. at 4, 6. Respondent reasoned that Article 62.045 preempts Article 42.12, Section 11(a)(23), by providing the "specific, exclusive, and mandatory direction on

how the public is to be notified when sex offenders reside in their neighborhoods." *Lee*, slip op. at 6–8.[1] According to respondent, only the DPS can notify neighbors that a "numeric risk level one" sex offender lives in their neighborhood. *Id.* Respondent conditionally granted Lee mandamus relief and ordered relator to vacate his order modifying the conditions of Lee's probation. *Lee*, slip op. at 8–9.

■ This Court will grant mandamus relief if relator can demonstrate that he has no "adequate remedy at law" and that respondent "clearly abused its discretion" in granting mandamus relief to Lee. *See State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 926–27 (Tex.Cr.App.2001). Relator satisfies the no "adequate remedy at law" requirement because the "only remedy from an adverse ruling in an original mandamus proceeding in the court of appeals is by way of writ of mandamus to this Court." *See id.* The issue, therefore, is whether respondent "clearly abused its discretion" in granting mandamus relief to Lee. *See id.*

■ To establish his right to mandamus relief, Lee had the burden to demonstrate to respondent that he had "no other adequate legal remedy" and that "the act sought to be compelled [was] purely ministerial." *See id.* Lee could have satisfied this ministerial act requirement by demonstrating to respondent "a clear right to the relief sought." *See id.*

In this case, respondent essentially held that Lee had a "clear legal right" to a decision by relator that Article 62.045(a) preempts Article 42.12, Section 11(a)(23). However, this is an issue of first impres-

sion whose merits are not so "clear and indisputable" as to be "beyond dispute." *See Hill*, 34 S.W.3d at 927–28 (under "ministerial act/clear legal right requirement" the "relief sought must be clear and indisputable such that its merits are beyond dispute" and trial court's ruling on question of law "is not subject to writ review where that law was unsettled or uncertain") (internal quotation marks omitted). Thus, Lee had no "clear legal right" to this decision, and respondent clearly abused its discretion to grant mandamus relief to Lee.

Relator's decision on this issue of first impression called for the exercise of judicial discretion. *See Hill*, 34 S.W.3d at 928 (ministerial act requirement not met because Court of Appeals' decision, whether correct or not, on the merits of the underlying legal issue required the exercise of judicial discretion). We further note that, since there is no "binding precedent from a court of superior jurisdiction," this case does not require this Court to decide the question left open in footnote five of *Hill*. *See Hill*, 34 S.W.3d at 928 n. 5 (noting possible conflict between one precedent holding that the ministerial duty requirement does not encompass a duty to "decide the issue correctly" and a later precedent "which arguably expanded the basis upon which mandamus relief may lie" by indicating that a court may have a ministerial duty "to decide the issue correctly if there is clear, binding precedent controlling the issue") (internal quotation marks omitted).

■ We, therefore, hold that relator had no ministerial duty to decide that Arti-

---

1. Article 42.12, Section 11(a)(23), in relevant part, provides that the trial court may modify a defendant's conditions of probation to "provide public notice of the offense for which the defendant was placed on [probation] in the county in which the offense was committed."

Article 62.045(a), in relevant part, essentially requires the Department of Public Safety to provide written notice to neighbors that an "assigned numeric risk level one" sex offender intends to move into their neighborhood.

cle 62.045(a) preempts Article 42.12, Section 11(a)(23). In this case the probationer Lee had an adequate remedy at law through habeas corpus. *See Ex parte McCullough,* 966 S.W.2d 529 (Tex.Cr.App. 1998) (deferred adjudication probationer's application for habeas corpus in district court, and appeal to court of appeals, were within jurisdiction of those courts). The respondent Court of Appeals could have also denied him mandamus relief for that reason.

As is our custom, we withhold issuance of the writ and accord respondent an opportunity to conform its actions to our opinion. *See Hill,* 34 S.W.3d at 929. Only if such action is not taken will this Court issue the writ of mandamus.