In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-143 CV


____________________



IN RE JOHN EDGAR REIDER






Original Proceeding






MEMORANDUM OPINION (1)


 On March 18, 2003, John Edgar Reider filed a petition for writ of mandamus. The
relator seeks an order to compel the Honorable Olen Underwood, Judge of the 284th
District Court of Montgomery County, Texas, and Janie Cockrell, Director of the Texas
Department of Criminal Justice, Institutional Division, to: 1) delete a cumulation order
from a judgment signed by Judge Underwood in 1994; 2) set aside an order denying
Reider's motion for judgment nunc pro tunc; and 3) alter the method of calculating
Reider's release date.


 Cockrell is not one of the persons against whom we may issue a writ of mandamus
other than to protect our jurisdiction, and the relator has not shown that the writ is
necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (Vernon
Supp. 2003). Therefore, Reider is not entitled to mandamus relief against Cockrell or the
Department.

 As for his complaint against Judge Underwood, we may grant mandamus relief if
relator demonstrates that the act sought to be compelled is purely ministerial under the
relevant facts and law, and that relator has no other adequate legal remedy. State ex. rel. Hill
v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). A
trial court's denial of a motion for judgment nunc pro tunc is not appealable. Shadowbrook
Apartments v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex.1990). In this case, however, the
relator has not shown that he could not have challenged the cumulation order through regular
appeal in 1994. Furthermore, the relator has not shown that no other adequate remedy at law
is available, through habeas corpus or through administrative proceedings. See Banales v.
Court of Appeals for the Thirteenth Judicial Dist., 93 S.W.3d 33, 36 (Tex. Crim. App. 2002).

 The petition for writ of mandamus is therefore denied.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered March 20, 2003 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.