NUMBER 13-02-623-CR


COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG




THOMAS J. DAVIS,                                                                     Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.




On appeal from the 105th District Court
of Nueces County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Castillo
         Thomas J. Davis appeals his conviction for indecency with a child.


 We reverse
and remand for entry of an order dismissing the charges against him. 
I. BACKGROUND
          The State of Texas charged Davis by an indictment alleging that on or about
May 25, 1996, he committed the offense of indecency with a child by exposure.
Following Davis's guilty plea on August 31, 1999, the trial court deferred adjudication,
imposed court costs of $511.25, and placed Davis on community supervision for a
term of two years. On October 17, 2002, on Davis's pleas of true to violations
alleged in the State's motion to revoke, the trial court adjudicated Davis's guilt,
revoked his community supervision, and sentenced him to ten years confinement in
the Institutional Division of the Texas Department of Criminal Justice. Davis filed a
timely pro se notice of appeal, generally asserting his desire to appeal. 
         Davis's timely notice of appeal invoked our jurisdiction. See Bayless v. State,
91 S.W.3d 801, 805-06 (Tex. Crim. App. 2002). The rules of appellate procedure
governing how appeals proceed in criminal cases were amended effective January 1,
2003. This Court applies those amended rules of appellate procedure to all cases on
appeal on the effective date of the amendments. See, e.g., Escochea v. State,
No. 13-01-761-CR, 2004 Tex. App. LEXIS 5366, at *3 (Tex. App.–Corpus Christi
June 17, 2004, no pet. h.). Accordingly, we abated the appeal on July 21, 2003 and
ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial
court's certification of Davis's right to appeal (a "CORTA"). See Tex. R. App.
P. 25.2(a)(2). On August 14, 2003, the trial court filed a request that we reconsider
our application of the amended rules to pending appeals or, alternatively, for additional
time to prepare the CORTAs in this case and others. On August 20, 2003, we denied
the trial court's request to reconsider our application of the amended rules but granted
its request for additional time to prepare the CORTAs. We extended the time for filing
the CORTAs an additional thirty days. The trial court moved for en banc
reconsideration. On September 18, 2003, this Court, sitting en banc, withdrew the
opinion of August 20, abated the cases subject to the order, and granted the trial court
an additional thirty days, or until October 18, 2003, to prepare and file the CORTAs. 
         On October 30, 2003, the trial court submitted a CORTA in this case stating
that it is not a plea-bargain case, and Davis has the right of appeal. We reinstated the
appeal. The trial court clerk supplemented the record with the CORTA on February 9,
2004. 
         Meanwhile, on March 25, 2003, court-appointed appellate counsel for
Davis filed a brief in which she concluded that this appeal is frivolous. See Anders
v. California, 386 U.S. 738, 744-45 (1967). Counsel's brief did not recite
that she notified Davis of his right to review the appellate record to determine
what issues to raise in a prospective pro se brief. See Johnson v. State,
885 S.W.2d 641, 646-47 (Tex. App.–Waco 1994, pet. ref'd) (per curiam). Davis filed
a pro se motion informing us that the record had not been made available to him. He
requested an extension of time to complete his pro se brief. Therefore, on January 5,
2004, we abated this appeal again and, in the interest of justice, ordered counsel to
provide the record to Davis. See McMahon v. State, 529 S.W.2d 771, 772 (Tex.
Crim. App. 1975) (abating appeal and ordering Anders counsel to inform appellant of
right to review record and file pro se brief). We granted Davis's motion for extension
of time and ordered him to file his pro se brief within forty-five days of the date of the
order. We received a letter from counsel indicating compliance with our order. We
again reinstated this appeal. 
         Davis timely filed a pro se brief, which we received on February 23, 2004. He
questions why he was not discharged from supervision on August 31, 2001, two
years after the plea proceeding in which the trial court imposed two years deferred
adjudication community supervision. On receipt of Davis's pro se brief, we reviewed
the record. The record reflects that Davis's plea proceeding was conducted
August 31, 1999. The trial court imposed the two years deferred adjudication
community supervision on that date, which was reflected in a judgment signed
September 9, 1999. The State's motion to revoke, filed September 19, 2002, recited
that the trial court first extended the term of Davis's community supervision to three
years on May 24, 2001. However, no order of that date appeared in the record. The
clerk's record did not reflect any extension order or motion to modify or revoke filed
within the original two-year period. The docket sheet contained no entry between
August 31, 1999 and September 10, 2002. The first order extending the term of
Davis's community supervision reflected in the clerk's record was signed February 13,
2002, more than two years after August 31, 1999. We concluded that Davis raised
in his pro se brief an arguable issue unrelated to his conviction that we have the power
to review in this appeal. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon
Supp. 2004); see also Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001)
(citing Vidaurri v. State, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001)); May v. State,
106 S.W.3d 375, 376 n.4 (Tex. App.–Corpus Christi 2003, no pet.) (applying Vidaurri
to appeal commenced after January 1, 2003 to hold requirements of current
rule 25.2(a)(2) inapplicable to claim of error in misapplication of mandatory sentencing
statute). 
         Having disagreed with Anders counsel's evaluation of Davis's appeal, we
granted counsel's motion to withdraw, as counsel cannot be required to brief and
argue a cause she has determined to be frivolous. See Johnson, 885 S.W.2d at 648
(citing Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). However,
Davis retained the right to appointed appellate counsel. See Johnson, 885 S.W.2d
at 648. To protect that right, on February 24, 2004, we abated this appeal for the
third time and remanded the cause to the trial court for appointment of a different
attorney to represent Davis on appeal. We ordered the trial court to hold a hearing to
determine if the record on appeal is correct. We directed the trial court to issue
findings of fact and conclusions of law regarding the accuracy of the record. We
requested supplementation of the record within thirty days of the date of the order to
include the court reporter's record of the hearing, the trial court's findings and
conclusions, and any additional documents omitted from the original record on appeal. 
See Tex. R. App. P. 34.5(c)(1), 34.5(c)(2). We also ordered new appellate counsel to
file a brief addressing the issue raised by Davis's pro se brief. 
         The trial court appointed new appellate counsel on March 24, 2004. It held a
hearing on the accuracy of the record on April 30, 2004. On May 4, 2004, the trial
court supplemented the record with a court reporter's record of the hearing and the
trial court's findings of fact and conclusions of law regarding the accuracy of the
record. We again reinstated this appeal. 
         Now included within the supplemental record is a court reporter's record of a
"supervision review" conducted May 24, 2001, in which the trial court extended
Davis's community supervision for an additional year. The trial court did not locate a
copy of a written order of this initial extension. However, while no docket entry
reflects the proceeding conducted May 24, 2001, the trial court's bench log reflects
the proceeding and the trial court's modification of Davis's conditions of release by
extending the term of community supervision for one year. On May 25, 2004, new
appellate counsel complied with our order by filing a brief on Davis's behalf that
analyzes the supplemented record and evaluates the trial court's authority to extend
and revoke Davis's community supervision. 
II. FACTS
         On May 18, 2001, the trial court conducted sua sponte "supervision reviews"
of sex offenders subject to community supervision in that court. In re Lee, 2002 Tex.
App. LEXIS 1523 (Tex. App.–Corpus Christi 2002, orig. proceeding), rev'd, Banales
v. Court of Appeals for the Thirteenth Judicial Dist., 93 S.W.3d 33 (Tex. Crim.
App. 2002) (orig. proceeding), withdrawn, 76 S.W.3d 811 (Tex. App.–Corpus
Christi 2002, orig. proceeding) (per curiam). The supplemental record of Davis's
May 24, 2001 "supervision review" began as follows: 
THE COURT:Mr. Davis, you were among those set for a
supervision review last Friday, and when I called your
case you had asked to have the hearing recessed so
that you could get a lawyer. Did you get a lawyer? 

DAVIS:I consulted a lawyer. 
 
THE COURT:All right. Is that lawyer going to be here?
 
DAVIS:No, Your Honor. 
 
THE COURT:All right. Can we proceed then without your having 
a lawyer present? 
 
DAVIS:Yes, Your Honor. 

         A community supervision officer told the court:
He's on a two-year probation, Your Honor, for indecency by exposure. 
He's compliant with his HIV testing and DNA testing. He currently is
attending treatment with Dr. Voris, and Dr. Voris is present in the
courtroom, Your Honor, and he's current with his sex offender
registration. Mr. Davis tested deceptive on two of his polygraphs and
truthful on two of the other polygraphs, Your Honor. His UAs have been
negative and he has completed his community service. Dr. Voris
recommends that the Defendant continue on probation and be extended
for another year. . . . [W]e're recommending that he be extended
another year in order to make some progress in therapy because Dr. Voris
doesn't feel he has made enough progress and to resolve the issues of
his polygraphs. The Department also recommends that he be extended
and that letters be sent out to his neighbors. 

         The trial court then asked Dr. Voris if the therapist wished to add anything. Dr.
Voris told the court:
No, except Mr. Davis is one of those individuals who has been in
compliance and has followed the letter of the law and the letter of the –
but without gaining the necessary insight as to what is going on, and
he's only now at that point where he's starting to begin to understand
the dynamics and the [etiology] of his offense, so I was asking for at
least a three-month or longer extension. 

         Davis then asked the court to limit any extension to three months. The trial
court refused:
I'm going to accept the Department's recommendation and modify the
conditions of your supervision by extending the supervision period to
August 31, 2002. I find that it would be in the best interests of the
community as well as your own that you continue the extended
treatment with the treatment providers that you have right now. I don't
think an additional three months, considering how things have gone the
last couple of years with you, that three months is going to do it. I
believe that at the very least, you need that additional year's treatment
to make a better recovery and for you to be better rehabilitated. 

Dr. Voris asked for clarification:
DR. VORISAnd Your Honor, just a question for my own
clarification, we're going to be dealing with several
other cases similar to this. Is – if an individual does
meet, you know, the therapeutic treatment goals, are
they eligible to come back and petition for release, or
do we just say a year is a year? I just need to kind
of have a sense of --
 
THE COURT:I think what we need to say is a year is a year. 

         Davis's community supervision continued without further activity in the trial
court until February 13, 2002, when the State filed a motion to modify. It requested
a two-year extension (to August 31, 2004) and an additional condition of release that
Davis "participate in Substance Abuse Chemical Therapy (Flagyl/Antabuse) under a
physician's care at [his] expense until medically discharged." The trial court ordered
the requested modifications that same day.
         The terms and conditions of Davis's community supervision, as modified, 
required that he: (1) not use alcoholic beverages, narcotics, or any other controlled
substances and submit to urinalysis as directed (condition (H)); (2) pay $511.25 court
costs at the rate of $25.00 per month, monthly supervision fees, and a sex offender's
fee (condition (J)); (3) submit to, participate in, pay for, and satisfactorily complete the
Sexual Perpetrator's Treatment Program (SPTP) (condition (N)); (4) participate in
Substance Abuse Chemical Therapy (Flagyl/Antabuse) under a physician's care at his
expense until medically discharged (modified condition (N-12)); and (5) attend,
participate, pay for, and complete in a satisfactory manner screening/evaluation and
inpatient counseling for substance abuse at Charlie's Place beginning 09-16-02
(modified condition 10-1c). 
         On September 19, 2002, the State filed a motion to revoke. It alleged that
Davis violated the terms and conditions of his community supervision by: (1) being
found in possession of beer in his refrigerator on a random field visit, admitting to his
probation officer and a counselor that he had consumed alcohol, and smelling of
alcohol on one occasion when he reported to his probation officer; (2) being $256.25
in arrears in paying his $511.25 in court costs, $480.00 in arrears in paying his
$40.00 monthly supervision fee, and $30.00 in arrears in paying his $120.00 sex
offender's fee at the rate of $5.00 per month; (3) failing to attend the Sexual
Perpetrator's Treatment Program; (4) failing to participate in Substance Abuse
Chemical Therapy by twice failing to comply with his probation officer's referral for
Antabuse and by his physician's discontinuance of Antabuse due to Davis's
consumption of alcohol as indicated by blood work; and (5) failing to report back to
Charlie's Place as ordered by a counselor.  
          Davis pleaded true to violating conditions (H), (J), and (N), including the
modified condition of 09-10-02. The trial court accepted Davis's pleas of true. The
State offered the testimony of a probation officer, who testified to Davis's violations
of the conditions as alleged in the motion to revoke. Davis testified in his own defense
and admitted to consuming alcohol and not attending sex offender counseling as
instructed by his probation officer. After hearing the evidence, the trial court revoked
Davis's community supervision and adjudicated him guilty. Neither side presented any
additional evidence on punishment. The trial court sentenced Davis to ten years
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
 III. SCOPE OF ANDERS REVIEW
         This Court, on receipt of a "frivolous appeal" brief, must perform an independent
review of the record to determine any grounds for appeal. Escochea, 2004 Tex. App.
LEXIS 5366, at *4 (citing Penson v. Ohio, 488 U.S. 75, 80 (1988)). No appeal lies
from the trial court's decision to adjudicate Davis's guilt. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(b) (Vernon Supp. 2003); see also Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999). We have no power to review any challenge to the
sufficiency of the notice contained in the terms and conditions of the community
supervision imposed by the trial court, adequacy of the State's motion to revoke, or
sufficiency of the evidence to support the trial court's adjudication decision. See
Connolly, 983 S.W.2d at 741. However, once the trial court adjudicates the guilt
of a defendant on deferred adjudication community supervision, the assessment
of punishment, pronouncement of sentence, and the defendant's appeal
continue as if the adjudication of guilt had not been deferred. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004). 
         Thus, Davis's appeal may require exercise of our review power over errors
unrelated to his conviction. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004); see also Kirtley, 56 S.W.3d at 51-52 (citing Vidaurri,
49 S.W.3d at 883). However, we first must independently review the record for the
validity of any written waiver of the right to appeal. See Escochea, 2004 Tex. App.
LEXIS 5366, at *32. If our independent review of the record reveals that Davis
executed a valid waiver of the right to appeal the adjudication of his guilt and the
revocation of his community supervision, the scope of our duty at this time under
Anders and Penson to review the record independently requires us to examine the
record for: (1) jurisdictional defects; and (2) the legality of the sentence imposed as
authorized by law. Id. at *41. In the absence of a valid written waiver of Davis's
right to appeal from his adjudication and revocation, we satisfy our duties under
Anders and Penson at this time by independently reviewing the record for errors
unrelated to the conviction, including: (1) jurisdictional defects; (2) matters raised by
written motion ruled on before trial; (3) matters the trial court granted permission to
appeal; and (4) the legality of the sentence imposed as authorized by law. See Chavez
v. State, Nos. 13-03-174-CR & 13-03-175-CR, 2004 Tex. App. LEXIS 5100,
at *32-*33 (Tex. App.–Corpus Christi June 10, 2004, no pet. h.) (and cited cases). 
Further, at this time we must determine in our independent review if the record in this
Anders case supports exercise of our limited review power. See Escochea, 2004 Tex.
App. LEXIS 5366, at *36; see also Chavez, 2004 Tex. App. LEXIS 5100, at *35. 
With our duties under Anders and Penson firmly in mind, we turn to our disposition of
this appeal. 
IV. DISPOSITION
A. Anders Brief
         Davis's newly appointed appellate counsel also has concluded that this appeal
is frivolous. See Anders, 386 U.S. at 744-45. Counsel observes that the State's
motion to revoke was filed before Davis's extended period of community supervision
expired. Counsel concludes there are no issues to warrant an appeal of Davis's
adjudication, revocation, or sentence. Counsel agrees with the trial court's findings
of fact and conclusions of law regarding the initial one-year extension of Davis's term
of community supervision, reasoning that the trial court was authorized to extend the
term. Therefore, counsel adds, the subsequent revocation is not a nullity. 
         An Anders brief must provide references to both legal precedent and pages
in the record to demonstrate why there are no arguable grounds to be advanced. High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). With relevant
citation to the record, counsel professionally evaluates the extension and revocation
proceedings. See Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). We
do not interpret Anders as requiring appointed counsel to make arguments counsel
would not consider worthy of inclusion in a brief for a paying client or to urge reversal
if, in fact, counsel finds no arguable issue to appeal. See id. We hold that counsel's
brief is not the "conclusory statement" decried by Anders. See id. 
B. Independent Review of the Record
1. Validity of Written Waiver of the Right to Appeal
         Our independent review of the record reveals that the clerk's record of the
written plea papers signed by Davis contains three references to Davis's right of
appeal: 
Right of Appeal. Generally speaking, you have a right to appeal the
judgment of the Court. If you are dissatisfied with the judgment of the
Court, and you want to appeal, you must give notice of appeal within 30
days from this date, unless you file a motion for new trial, in which event
you must give notice of appeal within 90 days from this date. Notice of
appeal must be in writing filed with the clerk of this Court. If you are
indigent and unable to hire an attorney, the Court will appoint an attorney
to represent you on appeal free of charge, and will also furnish you free
of charge a record of the hearing. It is your responsibility to follow all
appellate timetables provided by the Texas Code [of] Criminal Procedure
and the Texas Rules of Appellate Procedure. 

Court's Written Admonishments to Defendant in Revocation and/or Adjudication
Proceedings, p. 2. The same document contains another acknowledgment of Davis's
appellate rights:
I understand that, if I am dissatisfied with the judgment of the Court, I
have the right to appeal. I understand that, if I entered a plea of true to
any violation of the conditions of supervision, my right of appeal may be
affected in that I will have virtually nothing to appeal and the judgment
of the Court will probably be affirmed. I also understand that if I am
indigent and unable to hire a lawyer, the Court will appoint a lawyer to
represent me on appeal free of charge, and will also furnish me free of
charge a record of the revocation hearing only. I understand that it is my
responsibility to follow all requirements for appeal and all appellate
timetables as set by the Texas Code of Criminal Procedure and the Texas
Rules of Appellate Procedure. 

Court's Written Admonishments to Defendant in Revocation and/or Adjudication
Proceedings, p. 4 (Defendant's Statement Understanding Admonishments). The same
document contains a waiver of Davis's appellate rights:
Waiver of Appeal. I understand that, whether I plead true or nolo
contendere, I may have a limited right to appeal. I hereby waive any right
of appeal that I may have to the judgment of the Court. 

Court's Written Admonishments to Defendant in Revocation and/or Adjudication
Proceedings, p. 5 (Defendant's Waiver of Rights). 
         "A valid waiver of appeal, whether negotiated or non-negotiated,
will prevent a defendant from appealing without the consent of the trial court." 
Perez v. State, 129 S.W.3d 282, 287 (Tex. App.–Corpus Christi 2004, no
pet. h.) (discussing validity of written waiver of right to appeal) (quoting Monreal,
99 S.W.3d at 622). However, the trial court has certified that Davis has the right of
appeal. The trial court's CORTA is consistent with a determination that the "boiler-plate" language in Davis's plea papers is not a valid waiver of his right to appeal. See
Alzarka v. State, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002) (finding that record
directly contradicted and rebutted any presumption raised by terms of boiler-plate
waiver of right to appeal contained in plea papers). "The trial court is in a better
position to determine whether the previously executed waiver of appeal was in fact
validly executed and if there is any arguable merit in appellant's desire to appeal." Iles
v. State, 127 S.W.3d 347, 350 (Tex. App.–Houston [1st Dist.] 2004, no pet.)
(quoting Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003)). We hold that
Davis's written waiver of his right to appeal is invalid. See Perez, 129 S.W.3d at 287
(holding waiver of appeal signed before sentencing without benefit of punishment
recommendation was invalid). 
         We note that the record does not support exercise of our power to review issues
the trial court granted Davis permission to appeal. The record does support exercise
of our review power over errors unrelated to Davis's conviction, including
prerevocation rulings on motions, jurisdictional defects, and the legality of Davis's
sentence as unauthorized by law. See Chavez, 2004 Tex. App. LEXIS 5100, at *35. 

 2. Errors Unrelated to Conviction
         We note that the record shows that the trial court followed the State's
punishment recommendation when it originally placed Davis on deferred adjudication. 
See Tex. R. App. P. 25.2(a)(2). When a prosecutor recommends deferred adjudication
in exchange for a defendant's plea of guilty or nolo contendere, the trial court does not
exceed that recommendation if, on proceeding to an adjudication of guilt, the court
later assesses any punishment within the range allowed by law. See Chavez,
2004 Tex. App. LEXIS 5100, at *24 (and cited cases). Further, Davis was required
to raise any complaints involving the original plea proceeding through an appeal taken
at that time. See id. Davis did not appeal at that time, and any challenge to the
original plea proceeding in this appeal would be untimely. See id. 
         Our independent review of the record reveals that Davis filed two motions
before the adjudication and revocation proceeding. Both are unrelated to his
conviction: (1) a request for furlough from custody to attend his mother's funeral; and
(2) a motion seeking appointment of new trial counsel. 
a. Prerevocation Motions
(1) Waiver
         We note that the record of the revocation proceeding reflects that Davis waived
any ruling on his prerevocation motions: "In the event that my lawyer filed pretrial
motions on my behalf, I hereby withdraw all such motions, regardless of whether
rulings were made on the motions. If the Court ruled on any pretrial motions filed on
my behalf, I hereby waive any such rulings by the Court and further waive my right to
appeal any such rulings to an appellate court." However, Davis's waiver of his
prerevocation motions was printed immediately above the waiver of his right to appeal,
which we have held to be invalid. Similarly, we hold Davis's waiver of the right to
appeal his prerevocation motions equally invalid. See Alzarka, 90 S.W.3d at 324. 
 (2) Request for Furlough
         The trial court signed an order granting Davis's request to attend his mother's
funeral but imposed conditions, including that Davis be accompanied by law
enforcement officers and that he sign an agreement acknowledging the conditions of
his release. A second order recites that Davis declined to sign the agreement because
he refused to be accompanied by law enforcement officers. Thus, the record reveals
that the trial court granted one of the motions Davis filed before the revocation
proceedings, but Davis did not fulfill its conditions. Thus, this record presents no issue
for our review regarding Davis's prerevocation request for furlough. 
(3) Request for Appointment of New Trial Counsel
         In a letter to the trial court dated the day before the trial court held his
revocation proceeding, Davis complained that: "It is my belief that [trial counsel] is not
working to the best of his ability to help me in my case. It is also my belief that if I
am not appointed a new counsel by the court I would not have a fair trial." We note
that the plea papers in the clerk's record reflect that Davis was represented at the
revocation proceeding by the lawyer he sought to dismiss. No express ruling or order
on Davis's request appears in the record. We assume without deciding that counsel's
continued appearance as Davis's lawyer reflects the trial court's implicit denial of
Davis's request. See Tex. R. App. P. 33.1. 
         In the absence of adequate cause for the appointment of new counsel or an
effective waiver of the right to counsel to pursue self-representation, an accused does
not have the right to appointed counsel of choice but must accept counsel assigned
by the court. Privett v. State, 635 S.W.2d 746, 749 (Tex. App.–Houston [1st
Dist.] 1982, pet. ref'd). Davis's expressed dissatisfaction with his trial counsel does
not rise to the level of adequate cause for appointment of new counsel. See Aguilar
v. State, 651 S.W.2d 822, 823-24 (Tex. App.–Houston [1st Dist.] 1983, no pet.)
("Appellant's stated purpose in having the court appoint counsel who would follow
appellant's defense strategy, regardless of counsel's own views, does not constitute
an 'adequate' reason for the appointment of new counsel."). In any event, our
independent review of the court reporter's record of the revocation proceeding reveals
the following colloquy between Davis and the trial court:
THE COURT:And are you satisfied with the way that your lawyer
has represented you?
 
DAVIS:Yes, sir. 

Further, in "Defendant's Statement Understanding Admonishments," Davis attested
that "I am satisfied with the representation my lawyer has given me, and I have no
complaints or objections to such representation." Accordingly, we hold that Davis
waived at trial any objection to his appointed trial counsel. As with Davis's request
for a furlough, the record presents nothing for review regarding his motion for
appointment of new trial counsel.


 We turn to the issue Davis raises in his pro se
brief. 
b. Davis's Pro Se Issue
         We emphasize that this record, even as supplemented after our remand for a
determination of the accuracy of the record, does not include any extension order
within Davis's initial two-year term of community supervision. Specifically, the record
does not include an order extending Davis's term of community supervision for another
year on May 24, 2001. No docket entry reflects court filings or proceedings of any
kind during Davis's initial two-year supervisory term. The court reporter's record of
the "supervision review" conducted by the trial court on May 24, 2001 is the only
record of the one-year extension, and it was not included in the original record on
appeal. 
         We note that section 22(c) of article 42.12 authorizes a trial court to extend a
period of supervision within one year after the term expires if the State has filed a
motion to revoke within the term. Tex. Code Crim. Proc. Ann. art. 42.12, § 22(c)
(Vernon Supp. 2004).


 Here, our independent review of the record reveals that the
State had not filed any motion to revoke, continue, or modify Davis's community
supervision before the trial court's sua sponte "supervision review" held May 24,
2001. The State filed its first and only motion to revoke on September 19, 2002,
more than a year after Davis's initial two-year supervision expired on August 31,
2001. A trial court's unauthorized extension of the length of a defendant's
community supervision renders any subsequent revocation outside the original period
of supervision "a nullity." See Ex parte Fulce, 993 S.W.2d 660, 662 (Tex. Crim. App.
1999) (orig. proceeding) ("A court has no authority to act outside the periods
permitted by statute."); see also Ex parte Donaldson, 86 S.W.3d 231, 233 (Tex. Crim.
App. 2002) (orig. proceeding) (per curiam) (granting habeas corpus relief where
applicant's probationary period expired without pending motion to revoke). We hold
that Davis's pro se brief, which correctly asserts that the trial court revoked his
community supervision after his initial two-year term of supervision had expired, raises
an arguable error unrelated to his conviction. Further, we hold that the record supports
exercise of our review power over the issue Davis raises as unrelated to his conviction. 
See Chavez, 2004 Tex. App. LEXIS 5100, at *35.


 
C. Analysis of Validity of Initial One-Year Extension
1. The Trial Court's Authority under Section 22(c) of Article 42.12
          Section 22(c) of article 42.12 of the code of criminal procedure has been
interpreted to permit a trial court to extend a probationer's period of community
supervision with or without a revocation motion and with or without a hearing. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 22(c) (Vernon Supp. 2004)


; see also
Calderon v. State, 75 S.W.3d 555, 561 (Tex. App.–San Antonio 2002, pet. ref'd) (op.
on reh'g) (per curiam); Warmoth v. State, 946 S.W.2d 526, 527 (Tex. App.–Fort
Worth 1997, no pet.); Ex parte Harrington, 883 S.W.2d 396, 400 (Tex. App.–Fort
Worth 1994, pet. ref'd).


 We analogize to article 28.01 of the code of criminal
procedure, which permits but does not require a trial court to conduct pretrial
proceedings. See Tex. Code Crim. Proc. Ann. art. 28.01 (Vernon 1989). 
Article 28.01 is not a mandatory statute but one directed to the trial court's discretion. 
State v. Reed, 888 S.W.2d 117, 119 (Tex. App.–San Antonio 1994, no pet.). 
Nonetheless, once the trial court convenes a pretrial proceeding, article 28.01
expressly requires that the defendant be present. See Tex. Code Crim. Proc. Ann.
art. 28.01, § 1 (Vernon 1989). The right to counsel, not expressly mentioned in
article 28.01, also attaches. Riggall v. State, 590 S.W.2d 460, 462 (Tex. Crim. App.
1979) (en banc) (op. on reh'g).


 
         Although not required to conduct a hearing, the trial court here convened a
"supervision review" proceeding after recessing several days to permit Davis to consult
with counsel. Accordingly, we need not address whether section 22(c) requires a
hearing at which the right to counsel attaches. The trial court accorded Davis the right
to counsel, even if it was not required to do so. See Tex. Code Crim. Proc. Ann.
art. 1.051(c) (Vernon Supp. 2004) ("An indigent defendant is entitled to have an
attorney appointed to represent him in . . . any other criminal proceeding if the court
concludes that the interests of justice require representation.").


 The only question
presented by these circumstances, therefore, is whether Davis's agreement to proceed
without counsel was a knowing and intelligent waiver of that right. As the Rigall court
stated: 
[A]n accused may waive his right to counsel if such waiver is made
voluntarily with knowledge of the consequences thereof. To assure
protection of so fundamental a right, courts indulge every reasonable
presumption against waiver of counsel. To this extent, this court has
held that the record must clearly show that the accused voluntarily,
knowingly and intelligently waived his right to counsel in order to assert
his right to represent himself. . . . We remain convinced that appellant's
rights were violated in both respects. . . . 

Riggall, 590 S.W.2d at 462 (quoting Jordan v. State, 571 S.W.2d 883, 884 (Tex.
Crim. App. [Panel Op.] 1978) (citations omitted)). In particular, this Court indulges
every reasonable presumption against waiver of the right to counsel. Lugaro v. State,
904 S.W.2d 842, 843 (Tex. App.–Corpus Christi 1995, no pet.). On direct appeal,
the State bears the burden of establishing that the record affirmatively shows a valid
waiver of counsel. Id.; see Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim.
App. 1993) ("The State has the burden to establish a valid waiver of Fifth and Sixth
Amendment rights to counsel."). The trial court has an obligation to determine
whether a defendant understands the importance of legal counsel and knowingly,
voluntarily, and intelligently relinquishes the right to the assistance of counsel. Lugaro,
904 S.W.2d at 843-44. For a waiver of the right to counsel to be made knowingly
and intelligently, the defendant must be given a full understanding of the right to
counsel and be admonished on the dangers and disadvantages of self-representation. 
Henderson v. State, 13 S.W.3d 107, 109 (Tex. App.–Texarkana 2000, no pet.) (citing
Collier, 959 S.W.2d at 626). This admonishment must be on the record. Henderson,
13 S.W.3d at 109. Anything less is not a waiver. Id. 
         Likewise, it is the responsibility of the trial court to determine whether a
defendant who appears without counsel is indigent and must have counsel appointed. 
Lugaro, 904 S.W.2d at 844 (citing Oliver v. State, 872 S.W.2d 713, 714-16 (Tex.
Crim. App. 1994)). The record contains two affidavits of Davis's indigency, one dated
August 6, 1999 and the other dated October 2, 2002. We note that the trial court
appointed counsel for Davis before the original plea proceeding on August 31, 1999
as well as for the revocation proceeding on October 17, 2002. At the end of the
"supervision review" hearing on May 24, 2001, Davis asked the trial court to reduce
the monthly payments he was making toward the balance of his court costs,
contending he could not afford the payments as ordered. The trial court inquired into
Davis's sources of income and monthly expenses before granting Davis's request. 
Nonetheless, the trial court did not ask Davis if he could afford legal counsel. 
         Having determined that the interests of justice required legal representation for
Davis and after giving him the opportunity to secure counsel, the trial court did not
inquire if Davis's later relinquishment of his right to the assistance of counsel was
made knowingly, voluntarily, and intelligently. Nor did the trial court ask if the
attorney Davis consulted would not be present for financial reasons. We hold that the
record does not reflect that Davis knowingly and intelligently waived the right to
counsel accorded him by the trial court at the "supervision review" proceeding on
May 24, 2001. 
         We conclude that a proceeding in which a person had the right to counsel but
did not knowingly and intelligently waive that right is void:
A court which has both subject matter and personal jurisdiction over a
given case or controversy, but which performs an action outside of any
legal or judicial authority, acts beyond the scope of the law and that ultra
vires act cannot be recognized as a valid judicial act. The law will not
validate its existence or performance. It is, in hoary terms, a "void" act.
McCain v. State, 67 S.W.3d 204, 210 n.16 (Tex. Crim. App. 2002). May 24, 2001
was within the term of Davis's two-year community supervision. Thus, the trial court
had subject-matter and personal jurisdiction to extend Davis's period of supervision at
that time. See Tex. Code Crim. Proc. Ann. art. 42.12, § 22(c) (Vernon Supp. 2004).
However, we conclude that after according Davis the right to counsel, the trial court
acted beyond the scope of the law by extending Davis's community supervision
without admonishing Davis on the dangers and disadvantages of self-representation
or inquiring into his indigency status. 
         Accordingly, we hold that the trial court's extension of Davis's community
supervision on May 24, 2001 is void. See McCain, 67 S.W.3d at 210 n.16; see also
In re Dooley, 129 S.W.3d 277, 279 (Tex. App.–Corpus Christi 2004, orig. proceeding)
(holding contempt and commitment order in family law case void "absent a knowing
and intelligent waiver by relator of her right to counsel"). Davis's supervision
terminated on August 31, 2001 without a pending motion to revoke or a valid
extension of his term of supervision. Article 42.12 did not authorize the trial court to
take any action after August 31, 2001 except to discharge Davis. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(c) (Vernon Supp. 2004). We hold that the trial
court's extension of Davis's term of supervision on February 13, 2002 and its
adjudication of Davis's guilt and revocation of his community supervision on
October 28, 2002 were "nullit[ies]." See Ex parte Fulce, 993 S.W.2d at 662; see also
Ex parte Donaldson, 86 S.W.3d at 233. 
2. Waiver Analysis
         In addition to the supplemental court reporter's record of the "supervision
review" conducted by the trial court on May 24, 2001, we note that the record
contains two references to the one-year extension. The first reference appears in
Davis's written plea papers in Defendant's Statement Understanding Admonishments: 
I am the same person who was charged in this cause with the offense of
indecency with a child alleged to have occurred in Nueces County, Texas
on 5/25 1996 and who was placed on community supervision on 8/31
1999 for a period of 2 years. I understand that prior to September 1,
1993, the term "community supervision" was known as "probation." 
Original term modified 5/24/01. Second modification 2/13/02. Term of
supervision is 5 years. 

         The second reference to the initial one-year extension is included in the trial
court's oral admonishments to Davis preceding the adjudication proceeding: 
THE COURT:Are you the same Thomas J. Davis who was charged
by indictment in Cause Number 96-CR-2110-D, with
the offense of indecency with a child, alleged to have
occurred on May 25, 1996, a second degree felony,
who entered a plea of guilty on August 31, 1999 and
whose adjudication was deferred and was placed on
community supervision for a period of two years, and
whose conditions of community supervision were
modified on May 24th, 2001 by extending the
community supervision period to August 31, 2002;
and whose conditions were again modified on
February 13th, 2002 by extending the community
supervision to August 31, 2004, and who is now
before the Court on a motion to revoke filed on
September 19th, 2002? Are you that person?
 
DAVIS:Yes, Your Honor. 

         Davis did not object before or during the adjudication and revocation proceeding
that the term of his supervision had expired, nor did he otherwise challenge either of
the trial court's two extensions of his term of community supervision. See Tex. R.
App. P. 33.1. We note that the Texas Court of Criminal Appeals has held that
"[t]he defense of lack of due diligence in apprehending a probationer must be
raised by the appellant before or during the revocation hearing." Browder v. State,
109 S.W.3d 484, 490 (Tex. Crim. App. 2003); see Hardman v. State,
614 S.W.2d 123, 127 (Tex. Crim. App. [Panel Op.] 1981) (holding that appellant
cannot raise issue of due diligence for first time on appeal). However, those cases are
limited to the circumstance in which the State files a motion to revoke and issues a
capias within the period of supervision but does not apprehend the defendant until
after the supervision has terminated. Delgado v. State, 634 S.W.2d 354, 355 (Tex.
Civ. App.–Waco 1982, no pet.) (citing Guillot v. State, 543 S.W.2d 650, 653 (Tex.
Crim. App. 1977)). As a result, the State's diligence in apprehending the defendant
is in the nature of a defense that must be raised in the trial court. See Delgado,
634 S.W.2d at 355 (citing Hardman, 614 S.W.2d at 127). 
         Here, the State did not file any motion to revoke, continue, or modify Davis's
community supervision before August 31, 2001. Accordingly, we hold that Davis did
not waive his challenge to the trial court's authority to adjudicate his guilt and revoke
his community supervision when he did not object to the May 24, 2001 extension. 
See Ex parte Fulce, 993 S.W.2d at 662 (holding that any action taken after
supervisory period expired without pending motion to revoke was "without
jurisdiction"); Ex parte Donaldson, 86 S.W.3d at 233 (holding that trial court's order
revoking applicant's probation entered outside probationary period was "without
jurisdiction"); see also Monreal, 99 S.W.3d at 620 ("[B]oth bargaining and
non-bargaining defendants can appeal jurisdictional issues."); Stine v. State,
908 S.W.2d 429, 431 (Tex. Crim. App. 1995) ("A lack of jurisdiction is fundamental
error, and is appealable at any time, even if it is raised for the first time on appeal.").                                               V. CONCLUSION
         "[S]ince 1913, the Constitution of our country has been interpreted to protect
persons who are released, from reincarceration without due process of law." Ex parte
Hale, 117 S.W.3d 866, 871 (Tex. Crim. App. 2003) (orig. proceeding). Probationers
in Texas do not face the spectre of a jailer, acting on caprice, who harasses the
probationer with release and reincarceration, "will-he, nil-he." Id. The trial and
appellate courts of Texas have no "inherent powers" that permit them to ignore an
express statutory or constitutional mandate. Queen v. State, 842 S.W.2d 708, 711
(Tex. App.–Houston [1st Dist.] 1992, no pet.). This fundamental tenet of our State's
jurisprudence does not evaporate when a trial court voices a concern that a person
before the court represents a risk to the public safety. Id. Even if that concern is
well-founded -- about which we express no opinion in this case -- it still has no
evaporative effect. See id. 
         We sustain Davis's pro se issue. His two-year period of community supervision
has expired. Accordingly, we VACATE the judgment in cause number 96-CR-2110-D
in the 105th Judicial District Court of Nueces County, Texas, dated October 28, 2002,
which adjudicated Davis's guilt and revoked his community supervision. See Ex parte
Fulce, 993 S.W.2d at 662. We remand this cause to the trial court for entry of an
order dismissing the charges against Davis and discharging him. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 5(c) (Vernon Supp. 2004). We order the Clerk of this Court
to transmit copies of this opinion to the institutional and parole divisions of the Texas
Department of Criminal Justice.


 See Ex parte Fulce, 993 S.W.2d at 662. 
VI. ANDERS COUNSEL'S MOTION TO WITHDRAW
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed
with request for withdrawal from case). Counsel has requested to withdraw from
further representation of Davis on this appeal. We grant counsel's motion to withdraw
and order her to advise Davis promptly of the disposition of this case. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam). 

                                                                        ERRLINDA CASTILLO
                                                                        Justice

Publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 24th day of June, 2004.