**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40265
Summary Calendar

_____

BYRON LYNN LUCAS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-259-HC-ESH
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Byron Lynn Lucas, Texas inmate #898217, is currently serving consecutive sentences of 45 years of imprisonment for a conviction by a jury for burglary of a habitation (Cause No. 74203), 30 years of imprisonment for a conviction on his guilty plea to a charge of burglary of a habitation (Cause No. 78994), 20 years of imprisonment for a conviction on his guilty plea to a charge of burglary of a building (Cause No. 78995), 15 years of imprisonment for a conviction on his guilty plea to a charge of attempted

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

burglary of a habitation (Cause No. 78996), and 40 years of imprisonment for a conviction on his guilty plea to a charge of burglary of a habitation (Cause No. 78997). Lucas was granted a certificate of appealability ("COA") on the sole issue: whether in his convictions in Cause Nos. 78994, 78996, and 78997, the lack of an admonishment regarding the 25-year minimum sentence, which is applicable in the case of a defendant with two previous felony convictions, violated Lucas's constitutional rights and resulted in the entry of involuntary and unknowing pleas.

Lucas contends that at his plea hearings, the trial court informed him that the minimum applicable sentences in Cause Nos. 78994 and 78997 were five years of imprisonment and that in Cause No. 78996, the minimum applicable sentence was two years of imprisonment. Lucas asserts that, because he admitted to previous convictions, he was subject to the 25-year minimum sentence provided in TEX. PENAL CODE § 12.42(d) (West 1997, 1998). Lucas contends that the trial court's erroneous admonishments prevented him from understanding the consequences of his pleas, led him to believe that he remained eligible for probation, and caused him to enter involuntary and unknowing guilty pleas.

The record shows that Lucas was sentenced as a repeat felony offender pursuant to the provisions of TEX. PENAL CODE § 12.42(a)(3), (b) (West 1997, 1998) and not as an habitual offender under TEX. PENAL CODE § 12.42(d) (West 1997, 1998). The sentencing ranges for his convictions in Cause Nos. 78994 and

78997 for burglary of a habitation were increased pursuant to TEX. PENAL CODE § 12.42(b) (West 1997, 1998) from the range that is applicable to second-degree felonies, i.e., two to twenty years of imprisonment, to the range that applies to first-degree felonies, i.e., five to 99 years of imprisonment or life. TEX. PENAL CODE §§ 12.32, 12.33 (Vernon 1997). The sentencing range for Lucas's conviction for attempted burglary of a habitation in Cause No. 78996 was increased pursuant to TEX. PENAL CODE § 12.42(a)(3) (West 1997, 1998) from the range that is applicable to a third-degree felony, i.e., two to ten years of imprisonment, to the range that applies to a second-degree felony, i.e., two to twenty years of imprisonment. See TEX. PENAL CODE §§ 12.33, 12.34, 12.42(a)(3) (Vernon 1997).

Lucas concedes that the trial court informed him of the five-year minimum sentences in Cause Nos. 78994 and 78997 and of the two-year minimum sentence in Cause No. 78996. The record supports the factual determination that Lucas was sentenced as a repeat felony offender. Determinations of factual issues made by a State court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Lucas has not rebutted this presumption of correctness. Id. Accordingly, the judgment is AFFIRMED.