In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-157 CV


____________________



IN RE BYRON LYNN LUCAS






Original Proceeding






MEMORANDUM OPINION


 On March 22, 2007, Byron Lynn Lucas filed a petition for writ of mandamus. The
relator seeks an order to compel the trial court to delete cumulation orders from judgments
signed in 1999 by the current judge's predecessor in office. Lucas did not challenge the
cumulation order in his appeal. See Lucas v. State, Nos. 09-99-556-560 CR, 2001 WL 62919
(Tex. App.--Beaumont Jan. 24, 2001, pet. ref'd) (not designated for publication). Lucas
admits that he challenged the cumulation orders in a post-conviction writ of habeas corpus,
and the Court of Criminal Appeals denied relief without issuing a written order. Lucas also
unsuccessfully sought federal habeas relief from the cumulation order. See Lucas v.
Cockrell, No. Civ.A.1:02CV259, 2003 WL 24025758 (E.D. Tex. Oct. 24, 2003), affirmed
sub nom. Lucas v. Dretke, 125 Fed.App'x 542 (5th Cir.), cert. denied, ____ U.S. ___, 126
S.Ct. 219, 163 L.Ed.2d 213 (2005). 

 The documents submitted with the petition do not support the relator's claim that the
State prosecuted the five cases in a single criminal action. Cf. LaPorte v. State, 840 S.W.2d
412, 415 (Tex. Crim. App. 1992). Furthermore, article 11.07 of the Texas Code of Criminal
Procedure provides the exclusive post-appellate vehicle for challenging a final felony
conviction. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim.
App. 1995). 

 We may grant mandamus relief if relator demonstrates that the act sought to be
compelled is purely ministerial under the relevant facts and law, and that relator has no other
adequate legal remedy. State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d
924, 927 (Tex. Crim. App. 2001). The relator has not shown that he could not have
challenged the cumulation order through regular appeal or habeas corpus. See Banales v.
Court of Appeals for Thirteenth Judicial Dist., 93 S.W.3d 33, 36 (Tex. Crim. App. 2002).

 The petition for writ of mandamus is denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered April 12, 2007

Before Gaultney, Kreger and Horton, JJ.